**Aloysius A. MOLARGIK and Marilyn A. Molargik, Appellant–Defendant,**

v.

**WEST ENTERPRISES, INC., d/b/a Steve West Motors, Appellee– Plaintiff.**

No. 57A05–9206–CV–00177.

Court of Appeals of Indiana, Fifth District.

Jan. 19, 1993.

Howard F. Hanson, Emerick & Diggins, P.C., Kendallville, for appellant-defendant.

Jon C. Owen, Craft & Owen, Kendallville, for appellee-plaintiff.

SHARPNACK, Chief Judge.

Aloysius and Marilyn Molargik ("Molargiks") appeal from a judgment of $7,600.94 entered for West Enterprises, Inc. d/b/a Steve West Motors ("West") on West's nuisance claim against the Molargiks. We affirm.

The Molargiks raise two issues, which we restate as:

1. Did the Molargiks waive their contention that they were protected under I.C. § 34–1–52–4(f) by failing to affirmatively plead that statutory section as a defense?

2. Was the trial court's finding that dirt from the Molargiks' property caused 50% of West's damages clearly erroneous?

West sells and services new and used vehicles at its dealership, which is located across a highway from the Molargiks' property. When the Molargiks bought their property in 1965 it was marshy and filled with peat moss. Since that time, the Molargiks have been reclaiming their property by a process known as "sur charging," which involves the removal of muck or peat and its replacement with fill material. As part of their sur charging activities, the Molargiks excavated the muck from their property and then back-filled the excavated area with fine, brown dirt which was hauled onto the premises by dump trucks. The Molargiks stored the fine, brown dirt on their property until it could be back-filled into the excavated areas. The dirt periodically blew onto West's property and settled on and in cars kept on the lot. Similar dirt also came from other sources near West's property. West incurred substantial expense in additional cleaning of cars due to the presence of the dirt.

West filed a complaint against the Molargiks wherein it alleged that the blowing dirt from the Molargiks' property constituted a nuisance and sought both damages and injunctive relief. The Molargiks filed an answer in which they denied the majority of the allegations in West's complaint. They did not specifically plead any defenses. In their opening statement at trial, the Molargiks referred to Ind.Code § 34–1–52–4 which protects prior existing industrial operations from being termed nuisances. However, when the Molargiks attempted to introduce evidence in support of their defense under I.C. § 34–1–52–4, West raised a continuing objection on grounds that the Molargiks had not raised such a defense in their answer as required by Trial Rule 8(C). The trial court noted that objection and took evidence relating to that defense under advisement.

The trial court issued a judgment for West which was accompanied by findings

of fact and conclusions of law. The court concluded that the Molargiks' reliance upon I.C. § 34–1–52–4 was an affirmative defense, and that regardless of whether they had to plead that defense, the Molargiks use of their property did not amount to an industrial operation within the contemplation of that section. The court further found that the Molargiks' use of their property constituted a nuisance but that, "[b]ased upon the evidence of the extent of the blowing dirt created by the Defendants and the dirt from other sources ... the Defendants are responsible in damages for 50% of the total damages incurred by the Plaintiff." (Record, p. 32)

In its Appellee's brief, West contends that the Molargiks never raised the issue of whether the cause of West's damages was an "industrial operation" within the meaning of I.C. § 34–1–52–4(c) and therefore protected by I.C. § 34–1–52–4(f) from being deemed a nuisance. According to West, I.C. § 34–1–52–4(f) is an affirmative defense, and as such must be pleaded under Trial Rule 8(C). The Molargiks did not respond to West's claim of waiver.

■ Trial Rule 8(C) states that responsive pleadings shall set forth affirmatively all affirmative defenses and matters constituting an avoidance. Failure to do so results in waiver. *City of Hammond v. Northern Ind. Public Service Co.* (1987), Ind.App., 506 N.E.2d 49, 51, *trans. denied.* Because I.C. § 34–1–52–4(f) is not one of the defenses specifically listed in T.R. 8(C), we must decide whether it constitutes an affirmative defense.

■ "The determination of whether a defense is affirmative depends upon whether it controverts an element of the plaintiff's prima facie case or raises matter outside the scope of the prima facie case." *FMC Corp. v. Brown* (1988), Ind.App., 526 N.E.2d 719, 728, *opinion adopted by FMC Corp. v. Brown* (1990), Ind., 551 N.E.2d 444. An affirmative defense is a defense "upon which the proponent bears the burden of proof and which, in effect, *admits* the essential allegations of the complaint, but asserts additional matter barring relief." *Id.* (quoting *Rice v. Grant County*

*Board of Commissioners* (1984), Ind.App., 472 N.E.2d 213) (emphasis in original).

■ Ind.Code § 34–1–52–1 defines a nuisance as follows:

"Whatever is injurious to health, or indecent, or offensive to the senses, or an obstruction to the free use of property, so as essentially to interfere with the comfortable enjoyment of life or property, is a nuisance, and the subject of an action."

Anyone whose property has been injuriously affected or whose personal enjoyment has been lessened may bring a nuisance action, I.C. § 34–1–52–2, and they may seek both injunctive relief and damages. I.C. § 34–1–52–3. Ind.Code § 34–1–52–4(f) provides:

"No agricultural or industrial operation or any of its appurtenances shall be or become a nuisance, private or public, by any changed conditions in the vicinity of the locality after the agricultural or industrial operation, as the case may be, has been in operation continuously on the locality for more than one (1) year, provided:

(1) there is no significant change in the hours of operation;

(2) there is no significant change in the type of operation; and

(3) the operation would not have been a nuisance at the time the agricultural or industrial operation, as the case may be, began on that locality."

We hold that I.C. § 34–1–52–4(f) constitutes an affirmative defense. The most logical reading of the statute as a whole is that sections 1 and 2 set out the elements of a plaintiff's prima facie case, and that section 4 imposes a specific bar to relief dependant upon facts outside the plaintiff's prima facie case. Such a reading is supported by the fact that, while the first three sections of chapter 52 all were originally enacted in 1881, section 4 was not enacted until 1981. Furthermore, the defendant in a nuisance action is clearly in a better position to present the facts upon which a defense under I.C. § 34–1–52–4(f)

may be based and therefore should bear the burden of proof on that issue.

While we recognize that T.R. 15(B)[1] promotes the liberal allowance of the amendment of pleadings, the Molargiks have not pointed either to any request on their part for the pleadings to be amended or to any action by the trial court amending the pleadings.[2] This case is governed by the second part of T.R. 15(B), as West properly objected to the introduction of evidence going to the affirmative defense and thus did not consent to the trial of that issue. In such a case, T.R. 15(B) clearly contemplates both a motion to amend by the proponent of the objectionable evidence and some indication by the trial court that the pleadings will be amended and the issue inserted into the proceedings. This is made clear by contrasting the following language in the latter part of 15(B), "If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court *may allow* the pleadings to be amended ..." with the first portion of 15(B), "When issues not raised by the pleadings are tried by express or implied consent of the parties, *they shall be treated in all respects as if they had been raised by the parties.*" (emphasis added in both sections).

Although the trial court possibly could have taken the Molargiks' indication in their opening statement that they intended to rely upon I.C. § 34–1–52–4(f) coupled with their attempt to introduce evidence on the defense as a request to amend the pleadings and granted it[3], the court did not do so. Because the Molargiks did not previously request that they be allowed to amend the pleadings and do not now contest the trial court's failure to amend them, we hold that the pleadings were never amended and that the Molargiks have waived any defense under I.C. § 34–1–52–4(f) for failure to plead it.

The Molargiks next contend that the trial court erred in finding that they caused 50% of West's dirt-related damages. The thrust of the Molargiks' argument is that, although there may be sufficient evidence to support a finding that *some* of the dirt that blew onto West's property came from their property, there is no evidence to support a determination as to what particular percentage of the total dirt came from their property. We disagree.

 The trial court made special findings in this case. When we review a trial court's judgment based upon findings of fact and conclusions of law, we will reverse only if the findings and conclusions drawn therefrom are clearly erroneous. A judgment is clearly erroneous when it is unsupported by the findings and conclusions. Findings of fact are clearly erroneous if the record fails to disclose any facts in

---

1. Trial Rule 15(B) provides:

 "When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendment of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment, but failure so to amend does not affect the result of the trial of these issues. If the evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court may grant a continuance to enable the objecting party to meet such evidence."

2. We will not search the record for grounds for reversal where the appellant does not respond to an appellee's waiver argument. *Dep't of Financial Institutions v. Wayne Bank* (1978), 178 Ind.App. 265, 276, 381 N.E.2d 1100, 1106, *reh'g denied, Dep't of Financial Institutions v. Wayne Bank* (1979), 178 Ind.App. 265, 385 N.E.2d 482.

3. *See 2625 Building Corp. v. Deutsch* (1979), 179 Ind.App. 425, 434, 385 N.E.2d 1189, 1194. In *Deutsch*, the court held that the plaintiff's indication in his opening argument that he would rely upon two separate theories of recovery, coupled with his statement at the close of evidence that he would only rely on the latter theory, qualified as a request that his complaint be amended to include that theory. The *Deutsch* court did not indicate which part of T.R. 15(B) it relied upon in affirming the judgment.

evidence or any reasonable inferences from the evidence in support of the findings. *Donavan v. Ivy Knoll Apts. Partnership* (1989), Ind.App., 537 N.E.2d 47, 50. We will not reweigh the evidence and we will affirm the trial court unless the evidence, when viewed in a light most favorable to the judgment, points uncontrovertibly to an opposite conclusion. *Id.* at 50–51.

■ Although none of the witnesses testified as to specific percentages of dirt coming from the Molargiks or other nearby properties, there was testimony that virtually all of the dirt in question came from the Molargiks as well as testimony that dirt blew onto West's property from several other sources besides the Molargiks property. The trial court was entitled to determine the percentage based upon numerous evidentiary factors, including: the proximity of the Molargiks' property to West's compared to the other potential sources of dirt, the relative dryness of the dirt on the Molargiks' property compared to the dirt on other properties, and the fact that the dirt was kept in piles on the Molargiks' property. Based upon these and other factors, we cannot say that the evidence points uncontrovertibly to the conclusion that the Molargiks caused less than 50% of West's damages.

For the reasons contained in this opinion, we affirm.

AFFIRMED.

BARTEAU, J., concur.

SULLIVAN, J., dissents with separate opinion.

SULLIVAN, Judge, dissenting.

I do not agree with the majority that the failure to specifically plead I.C. 34–1–52–4(f) as an affirmative defense constitutes a waiver of the right of defendant to introduce evidence that its business dirt-fill operation did not constitute a nuisance. As the majority correctly notes, such "defense" is not one which is specifically enumerated in Rule 8(C). The mere fact that plaintiff's proof, absent evidence to the contrary, might be determined to be a nuisance is not determinative of the issue as to whether the statute creates an affirmative defense.

In my estimation, if the operation in question is demonstrated to be an "industrial operation" it cannot constitute a nuisance. Accordingly, evidence of an "industrial operation" is admissible, not as an affirmative defense, but rather as within the permissible framework of an answer which denies that the operation is a nuisance. *See Rice v. Grant County Board of Commissioners* (1984) 2d Dist. Ind.App., 472 N.E.2d 213, *trans. denied.* In this regard, the evidence of industrial operation would not constitute an *exception* to the statute concerning nuisance; rather, it serves to show that the plaintiff's allegations of nuisance are not true.

Even if the matter be considered an affirmative defense in the limited sense that defendant bears the burden of bringing forth sufficient evidence to demonstrate that the operation is not a nuisance, such does not mean that failure to specifically plead it constitutes waiver.

The trial court took its ruling upon the affirmative defense-waiver objection under advisement, but no ruling appears of record. The court, however, stated that defendant's use of its property did not amount to an industrial operation. In this sense, therefore, the trial court apparently gave some conditional consideration to that evidence. It is unclear, however, whether the trial court considered and rejected that portion of I.C. 34–1–52–4(c) which includes "storage or disposition of a product or material" as an industrial operation.

Be that as it may, the judgment should be reversed for quite a different reason. The trial court determined that defendant was responsible for 50% of the dirt and dust which caused plaintiff's damages. This conclusion is wholly speculative and should not be sustained on appeal. Although there was evidence from which the trier of fact could conclude that defendant's operation contributed somewhat to plaintiff's problem, the extent and degree of that contribution cannot be determined.

Although no particular degree of mathematical certainty is required, an award of damages may not rest upon conjecture, speculation or guesswork. *Ashland Pipeline Co. v. Indiana Bell Telephone Company, Inc.* (1987) 1st Dist. Ind.App., 505 N.E.2d 483, *trans. denied.* The case before us is unlike *Richter v. Klink Trucking, Inc.* (1992) 4th Dist. Ind.App., 599 N.E.2d 223, *trans. denied,* in which plaintiff was held entitled to a trial to establish damages when defendant was shown to have been responsible for over 95% of the dirt hauling which in turn caused the debris condition. Even if plaintiff here is entitled to some recovery from defendant, I would limit such recovery to nominal damages, at most.

I would reverse and remand for a new trial.