**GKC INDIANA THEATRES, INC.,**
**Appellant–Defendant,**

v.

**ELK RETAIL INVESTORS, LLC.,**
**Appellee–Plaintiff.**

No. 20A03–0108–CV–281.

Court of Appeals of Indiana.

Feb. 21, 2002.

Paul E. Becher, Barnes & Thornburg, Elkhart, IN, Attorney for Appellant.

J. Richard Ransel, James R. Byron, Jacob S. Frost, Thorne & Grodnik, Elkhart, IN, Attorneys for Appellee.

## OPINION

SHARPNACK, Judge.

GKC Indiana Theatres, Inc. ("GKC") brings this interlocutory appeal of the trial

court's grant of a motion for preliminary injunction filed by Elk Retail Investors ("Elk Retail") to prohibit GKC from selling a piece of real estate. GKC raises three issues in this interlocutory appeal, which we restate as:

1. Whether the preliminary injunction must be reversed because the trial court failed to include the findings of fact required by Ind. Trial Rule 52 and Ind. Trial Rule 65(D) in the order granting the injunction;

2. Whether the trial court abused its discretion when it granted Elk Retail's motion for preliminary injunction; and

3. Whether GKC is entitled to reimbursement for attorney fees expended in resisting and appealing the preliminary injunction.

On cross-appeal, Elk Retail raises an additional argument, which we will address with each of GKC's first two issues and which we restate as whether GKC waived appellate review of the first two issues that it raises on appeal.[1] We affirm and remand.

The relevant facts follow. On June 11, 1996, GKC entered into a "Real Property Purchase Agreement" ("Contract") with Elk Retail under which GKC would purchase a piece of real estate ("Real Estate") located adjacent to the Concord Mall in Elkhart, Indiana, and would build a new movie theater upon the Real Estate. The Contract provided:

C. *[GKC]'s Opening and Operating Covenant.* The Covenants, Conditions and Restrictions which shall be incorporated into the Limited Warranty Deed shall include the following covenants of [GKC] with respect to its operations upon the Property: (a) a theatre complex (including parking and driveway facilities) in accordance with subclause (b) hereof shall open to the public within one (1) year of the Closing Date; and (b) [GKC] shall have a ten (10) year operating covenant for the operation of an eight to twelve screen first class/first run movie theatre. . . .

Appellant's Appendix at 52.

On December 6, 1996, Elk Retail delivered the Limited Warranty Deed to GKC. The Limited Warranty Deed contained the following language:

The property shall be used only for an eight (8) to twelve (12) screen, first class, first run movie theatre complex (the "Movie Complex"), for a period commencing upon the date of recording of this Deed (the "Recording Date") and continuing through the expiration of the tenth (10) year following the date of opening to the public of the Movie Complex upon the Real Estate (the "Restricted Use Period"). [GKC] shall no later than March 1, 1998 commence construction of its building and no later than June 30, 1998, open for business or cause the Movie Complex to be opened

---

1. In addition, Elk Retail raises an issue which it states as "[w]hether GKC invited error regarding the form of the preliminary injunction hearing." Appellee's Brief at 1. Essentially, Elk Retail asserts that GKC cannot claim that the trial court erred when it conducted a preliminary injunction hearing that only involved oral arguments because GKC did not object to the form of the hearing at the trial court. However, GKC responds in its reply brief that "the issue raised by GKC is *not* that the hearing was held off the rec-

ord. . . ." Appellant's Reply Brief at 2. Rather, the issue "is that the trial court failed to make specific findings of fact . . . with respect to the four elements required for issuance of a preliminary injunction, and the underlying absence of any evidence heard by the trial court which could support such findings." Appellant's Reply Brief at 2. Consequently, we need not address Elk Retail's argument that GKC invited error regarding the form of the preliminary hearing because GKC does not allege any error regarding the form of the hearing.

for business on the Real Estate.... In the event [GKC] fails to open such facility for business by June 30, 1998, then at any time thereafter [Elk Retail] shall have the right to repurchase the Real Estate by giving written notice to [GKC] and the price to be paid for the Real Estate shall be the amount received by [Elk Retail] in connection with the sale by [Elk Retail] of the Real Estate to [GKC] under [the Contract].

*Id.* at 92. In addition, the Limited Warranty Deed contained the following language:

[GKC] acknowledges that [Elk Retail] is making this conveyance in reliance upon [GKC]'s strict compliance with the covenants, conditions and restrictions as herein contained. [GKC] further acknowledges that a violation of these covenants, conditions and restrictions will cause injury and damage to [Elk Retail] or its successors. To assure compliance herewith, [Elk Retail] or [Elk Retail's] successors or assigns shall have the right to institute and prosecute any proceedings at law or in equity and shall be entitled to relief by way of injunction, specific performance and damages against [GKC]....

*Id.* at 95.

GKC did not begin construction on the Movie Complex. Consequently, in 1998, Elk Retail sued GKC for breach of contract, seeking both specific performance of the contract and monetary damages. Both GKC and Elk Retail filed motions for summary judgment. The primary focus of the summary judgment proceedings was whether specific performance was available as a remedy for GKC's breach of contract. On February 23, 2000, the trial court granted Elk Retail's motion for summary judgment and denied GKC's cross-motion for summary judgment. The trial court's order provided:

Furthermore, the Court finds that [GKC] is liable to [Elk Retail] for any and all damages [Elk Retail] can establish by a preponderance of the evidence. The Court gives [GKC] the option under this judgment to post a bond to insure specific performance under the terms of the Agreements and compliance with the terms of the Contract in the sum of $1,000,000.00 or in the alternative, the Court will hear evidence on damages on 5/19/00 at 8:30 a.m.

*Id.* at 121. GKC did not post a bond, and the hearing on damages was postponed while the parties conducted discovery regarding the issue of damages.

On July 16, 2001, Elk Retail filed a motion for preliminary injunction requesting that the trial court prohibit GKC from selling the Real Estate. An attached newspaper article indicated that GKC planned to sell the Real Estate at an auction in Illinois on August 2, 2001. On July 19, 2001, GKC filed a response to Elk Retail's motion in which GKC claimed that a preliminary injunction should not be granted because specific performance was no longer an available remedy because of the trial court's order of February 23, 2000. The trial court held a hearing on the motion for preliminary injunction at which the parties presented only oral arguments. The only argument against injunction made by GKC was that the order of February 23, 2000, removed the availability of specific performance as a remedy for Elk Retail. On July 30, 2001, the trial court enjoined GKC from selling the Real Estate.

I.

■ The first issue that GKC raises is whether the preliminary injunction must be reversed because the trial court failed to include the findings of fact required by Ind. Trial Rule 52 and Ind. Trial Rule

65(D) in the order granting the preliminary injunction. Elk Retail argues on cross-appeal that GKC waived appellate review of this issue by failing to raise it in the trial court. Therefore, we address Elk Retail's waiver argument before addressing the merits of the issue raised by GKC.

 As a general rule, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court. *Pitman v. Pitman,* 717 N.E.2d 627, 633 (Ind. Ct.App.1999). This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. *See Whiteco Indus., Inc. v. Nickolick,* 549 N.E.2d 396, 398 (Ind.Ct. App.1990). Appellate courts, on the other hand, have the authority to review questions of law and to judge the sufficiency of the evidence supporting a decision. *Id.* The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case. Consequently, an argument or issue not presented to the trial court is generally waived for appellate review. *Id.* Here, Elk Retail argues that GKC waived appellate review of whether the trial court failed to include the findings of fact required by Ind. Trial Rule 52 and Ind. Trial Rule 65(D) in the order granting the preliminary injunction.

Ind. Trial Rule 65(D) provides that "[e]very order granting temporary injunction ... shall include or be accompanied by findings as required by Rule 52...." Ind. Trial Rule 52 specifically provides that a trial court is required to make specific findings of fact when granting a pre-

liminary injunction *without* request from any party. Consequently, GKC had no need to request the trial court to provide findings of fact in its order, and this issue was not waived. *Cf. Neel v. I.U. Bd. of Trustees,* 435 N.E.2d 607, 613 (Ind.Ct.App. 1982) (holding that, because appellant did not bring an interlocutory appeal, appellant waived the right to claim that trial court erred when it failed to include findings in an order granting preliminary injunction). Consequently, we must address the merits of the issue raised by GKC.

 Ind. Trial Rule 52 provides that "[t]he court shall make special findings of fact without request ... in granting or refusing preliminary injunctions...." Ind. Trial Rule 65(D) provides that "[e]very order granting temporary injunction and every restraining order shall include or be accompanied by findings as required by Rule 52." A trial court's failure to enter findings of fact and conclusions of law, as required by Ind. Trial Rule 52 and Ind. Trial Rule 65, in an order granting a preliminary injunction constitutes reversible error. *Whiteco Indus.,* 549 N.E.2d at 399.

 In this case, the trial court's order granting the preliminary injunction contained the following language:

THIS MATTER COMING BEFORE THE COURT on the motion of the Plaintiff, Elk Retail Investors, LLC, the Court hereby finds that the Defendant, GKC Indiana Theatres, Inc., should be and hereby is, ENJOINED from selling the real estate which is the subject of this litigation.

In 1996[GKC] entered a contract with [Elk Retail] in which [GKC] promised to construct and operate a multi-screen theater on the real estate which is the subject of this litigation. [GKC] failed and refused to perform its obligations under the contract. [Elk Retail]

brought suit against [GKC] in 1998, and this Court entered a judgment on behalf of [Elk Retail] on February 23, 2000, finding [GKC] liable to [Elk Retail] for breach of contract. [Elk Retail] sought specific performance as a remedy at issue in this case, in accordance with the contract of the parties. The Court further set this matter for a hearing on damages to determine whether monetary damages, specific performance, or both should be granted, but gave [GKC] the option to post a bond in the amount of $1,000,000.00 to insure specific performance. It now being shown that [GKC] is planning to sell said real estate at auction on August 2, 2001, at a remote location in Illinois, the Court finds that auction of the property by [GKC] would leave [Elk Retail] without the remedy of specific performance and would irreparably harm [Elk Retail].

WHEREFORE IT IS ORDERED, ADJUDGED, AND DECREED that the Defendant, GKC Indiana Theatres, Inc., be and hereby is ENJOINED from selling the real estate which is the subject of this litigation at the scheduled auction or from otherwise selling said real estate.

Appellant's Appendix at 8 (emphasis in original). The second paragraph of the trial court's order includes findings of fact. While those findings of fact ultimately may or may not be sufficient to support the issuance of the preliminary injunction, the findings are sufficient to prevent this court from remanding because of a complete absence of the findings required by Ind. Trial Rule 52 and Ind. Trial Rule 65. *Cf. Whiteco Indus.*, 549 N.E.2d at 399 (wherein injunction was dissolved because trial court failed to include any findings of fact).

## II.

■ The second issue that GKC raises is whether the trial court abused its discretion when it granted Elk Retail's motion for preliminary injunction. Again, Elk Retail argues on cross-appeal that GKC waived this issue for appellate review because GKC failed to argue to the trial court that Elk Retail had not met its burden of proof for the preliminary injunction. Therefore, we again address Elk Retail's waiver argument before addressing the merits of the issue raised by GKC.

Here, both in its response to Elk Retail's motion for preliminary injunction and at the hearing regarding the motion for preliminary injunction, GKC made only one argument to the trial court regarding why the trial court should not grant the preliminary injunction. That argument was that Elk Retail's motion should not be granted because specific performance was no longer a remedy that was available after the trial court's February 23, 2000 order that had granted summary judgment to Elk Retail. At no point below did GKC make the arguments that it now makes on appeal: that Elk Retail did not show that its remedy at law was inadequate, that Elk Retail did not demonstrate that it was likely to win on the merits, that Elk Retail did not demonstrate that its injury would outweigh GKC's injury, and that Elk Retail did not demonstrate that the public interest would be served by the injunction. *See* Appellant's Brief at 10–15.

■ A party generally waives appellate review of an issue or argument unless the party raised that issue or argument before the trial court. *Whiteco Indus.*, 549 N.E.2d at 398. In addition, that general rule, when applied to defendants, results in the rule that a defendant may not present a different theory of defense on appeal than was presented to the trial court. 4 C.J.S. *Appeal & Error* § 205 (1993). In other jurisdictions, this rule regarding defendants has been construed to apply only

to affirmative defenses. *Id.* An affirmative defense is "a defense 'upon which the proponent bears the burden of proof and which, in effect, admits the essential allegations of the complaint, but asserts additional matter barring relief.'" *Molargik v. West Enterprises, Inc.,* 605 N.E.2d 1197, 1199 (Ind.Ct.App.1993) (quoting *FMC Corp. v. Brown,* 526 N.E.2d 719, 728 (Ind. Ct.App.1988), *opinion adopted by FMC Corp. v. Brown,* 551 N.E.2d 444 (Ind. 1990)).

In this case, GKC asserted what amounted to an affirmative defense when it was before the trial court. Specifically, GKC claimed that the trial court's February 23, 2000 order that granted summary judgment to Elk Retail precluded specific performance as a remedy in this case. Now, on appeal, GKC wishes to challenge the essential allegations of Elk Retail's motion for a preliminary injunction. There is no question that if GKC were attempting to assert a new, additional affirmative defense on appeal, we would hold that GKC had waived that new affirmative defense. *See Nelson v. Gurley,* 673 N.E.2d 497, 500 n. 3 (Ind.Ct.App.1996) (holding that the affirmative defense of waiver could not be raised on appeal because it had been waived by failure to raise argument to the trial court). However, GKC is not raising a new affirmative defense on appeal. Rather, it is questioning whether Elk Retail presented sufficient evidence to prove by a preponderance of the evidence that a preliminary injunction was justified. Somewhat surprisingly, the specific question of whether an appellant may challenge the sufficiency of the evidence supporting the trial court's decision to grant a preliminary injunction after not questioning the sufficiency of the evidence supporting the preliminary injunction in the trial court is one of first impression in our state. Nevertheless, we were able to locate an informative case on this issue

from another jurisdiction and an informative case on a similar issue in this jurisdiction.

In 1912, the United States Supreme Court reviewed the propriety of an injunction granted by a federal district court in Indiana. *See Louisville & Nashville R.R. Co. v. F.W. Cook Brewing Co.,* 223 U.S. 70, 32 S.Ct. 189, 56 L.Ed. 355 (1912). In that case, Cook Brewing had a contract with the Railroad Company under which the Railroad Company delivered beer kegs and cases to a number of points in Kentucky. *Id.* at 72, 32 S.Ct. at 190. At some point, the Railroad Company refused to deliver the beer to Kentucky counties that were "'dry'." *Id.* Cook Brewing filed a complaint requesting an injunction that would require the Railroad Company to deliver the beer. *Id.* After the federal district court granted the injunction, the Railroad Company appealed. *Id.* One of the Railroad's arguments on appeal was that Cook Brewing had an adequate remedy at law because it could sue the Railroad for monetary damages. *Id.* at 80–81, 32 S.Ct. at 191. The Supreme Court noted that the Railroad was making that argument for the first time on appeal and held "[w]here the case is one in which, under any circumstances, relief in equity may be admissible, it is too late to say that there was an adequate remedy at law only upon review proceedings." *Id.* at 81, 32 S.Ct. at 191. Ultimately, the Supreme Court affirmed the injunction. *Id.* at 84, 32 S.Ct. at 192.

In a different context, the Indiana Supreme Court has also held that a party waives appellate review of any argument regarding whether a party had an adequate remedy at law if the party did not present such argument to the trial court. *Criss v. Bitzegaio,* 420 N.E.2d 1221, 1225 (Ind.1981). In *Criss,* the court was considering whether a resulting trust should be

created to protect real estate about which the parties were disputing ownership. *Id.* at 1222. The Defendants denied the allegations of the complaint and raised a number of affirmative defenses in the trial court; however, they did not claim that the Plaintiff did not need a resulting trust because he had an adequate remedy at law. *Id.* at 1223. Then, the Defendants attempted to assert in a motion to correct error that a resulting trust was inappropriate because the Plaintiff had an adequate remedy at law. *Id.* at 1225. The Indiana Supreme Court held that because the issue was raised for the first time in the motion to correct errors, it was waived. *Id.*

Reviewing these cases has led us to the conclusion that GKC waived for appeal any argument regarding the sufficiency of the evidence to support Elk Retail's motion for preliminary injunction. At the trial court, GKC argued an affirmative defense, which in essence "admit[ted] the essential allegations of the complaint, but assert[ed an] additional matter barring relief." *Molargik*, 605 N.E.2d at 1199. GKC did not argue in the trial court that Elk Retail had failed to meet its burden of proof on the essential elements required for a preliminary injunction. Therefore, once the trial court had determined that GKC's affirmative defense was invalid, the trial court had no reason to believe that GKC thought that the preliminary injunction was otherwise inappropriate. As in *Criss* and *F.W. Cook Brewing Co.*, GKC may not now allege on appeal that Elk Retail had an

adequate remedy at law.[2] *See Criss*, 420 N.E.2d at 1225; *F.W. Cook Brewing Co.*, 223 U.S. at 81, 32 S.Ct. at 191. Consequently, we need not address the merits of GKC's allegation that the trial court abused its discretion by granting the preliminary injunction because Elk Retail did not meet its burden of proof on the four required elements.[3]

### III.

The final issue is whether GKC is entitled to reimbursement for attorney fees expended in resisting and appealing the preliminary injunction. GKC contends that it is entitled to attorney fees under Ind. Trial Rule 65(C). Ind. Trial Rule 65(C) provides:

> No restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained.

We have previously held that Ind. Trial Rule 65(C) entitles a party to recover cost and damages, including attorney fees, incurred in defending a wrongful injunction. *Hampton v. Morgan*, 654 N.E.2d 8, 10 (Ind.Ct.App.1995).

However, here, we affirmed the trial court's preliminary injunction because GKC waived any allegation of error regarding the sufficiency of evidence sup-

---

2. GKC does not argue to us that the trial court erred in concluding that specific performance remained as a possible remedy following its order of February 23, 2000, and therefore we need not consider that issue.

3. In addition, we need not address Elk Retail's argument that GKC should be judicially estopped from questioning whether Elk Retail had an adequate remedy at law, whether Elk Retail would be successful on the merits, and

whether Elk Retail's harm outweighed the harm caused to GKC by the injunction. Elk Retail asserts in its appellate brief that GKC presented arguments on those questions in the trial court that are contrary to the arguments that it presents to us on appeal. *See* Appellee's Brief at 10–11, 18, 34. Because we hold that GKC has waived this issue, we need not investigate the facts underlying this estoppel argument.

porting the injunction by failing to argue in the trial court that Elk Retail did not meet its burden of proof on the four elements required for granting a preliminary injunction. *See supra* Part II. Consequently, we did not find that GKC was wrongfully enjoined. Therefore, GKC is not eligible to receive reimbursement for attorney fees at this time. *Cf. Grand Trunk W. R.R. Co. v. Kapitan,* 698 N.E.2d 363, 367 (Ind.Ct.App.1998) (holding that appellant was entitled to attorney fees under Ind. Trial Rule 65(C) because appellant was wrongfully enjoined), *trans. denied.*

For the foregoing reasons, we affirm the trial court's grant of the preliminary injunction, and we remand for further proceedings consistent with this opinion. Because this case will be considered further in the trial court and because it has been resolved here on narrow grounds, we want to be clear that we are in no way passing on the merits of whether Elk Retail may be entitled to specific performance of the undertaking by GKC to build and maintain a theater.

Affirmed and remanded.

DARDEN, J. and BAILEY, J., concur.