JAMES C. PURCELL, Appellant-Plaintiff,
v.
OLD NATIONAL BANK, Appellee-Defendant.
No. 49A02-0512-CV-1209.
Court of Appeals of Indiana.
December 28, 2006.
PATRICK J. DIETRICK, THOMAS D. COLLIGNON, Collignon & Dietrick, Indianapolis, Indiana, ATTORNEYS FOR APPELLANT.
MARK J.R. MERKLE, GREG A. SMALL, Krieg DeVault LLP, Indianapolis, Indiana, ATTORNEYS FOR APPELLEE.

MEMORANDUM DECISION
KIRSCH, Chief Judge.
James C. Purcell ("Purcell") appeals the trial court's entry of summary judgment in favor of Old National Bank (the "Bank") on Purcell's claims for negligence, tortious interference with contractual relationship, actual fraud, constructive fraud, fraud under IC 34-4-3-1, negligent retention, and punitive damages. Purcell presents various issues on appeal that we consolidate and restate as follows:
Whether the Bank's failure to raise the Subordination Agreement executed by Purcell as an affirmative defense constituted a waiver of that defense.
We reverse and remand.

FACTS AND PROCEDURAL HISTORY[1]
On June 28, 2002, Purcell, the majority shareholder of Midwest Fulfillment Corporation ("MWF"), entered into a stock redemption agreement (the "Redemption Agreement") with MWF by which his shares were redeemed by the corporation. The transaction was evidenced by a promissory note in favor of Purcell and secured by certain MWF assets under a security agreement and other personal limited guarantees. As part of the transaction, minority shareholders' Richard L. Knight ("Knight") and Joseph M. Stein ("Stein") guaranteed to Purcell that they would: (1) continue to carry on MWF's business in substantially the same manner; (2) not introduce any materially new method of management or accounting; and (3) provide Purcell with monthly financial statements. The Redemption Agreement provided that, if MWF's current ratio (the ratio computed by dividing total current assets by total current liabilities) was less than one for any three months in any given year Purcell had the right to re-enter and assume the day-to-day operations of MWF.
In late 2002, Knight and Stein, on behalf of MWF, sought commercial financing with the Bank. During negotiations, the Bank and its loan officer, Joseph Howarth ("Howarth"), were informed about the Redemption Agreement between MWF and Purcell. The Bank approved the loan on the condition that Purcell subordinate his security interest in MWF's assets to the Bank. Purcell and the Bank executed the Subordination Agreement on December 30, 2002. Thereafter, the Bank extended credit to MWF.
Over the next six months, Purcell, with the help of accounting professionals, monitored the activities of MWF. In May of 2003, Stein sent Purcell MWF's profit & loss statement for April 30, 2003. The statement included a line item under income entitled "Misc. Billing to Customers" in the amount of $613,461.19 and reported a year-to-date net operating income of $695,210.44. Stein also sent MWF's Balance Sheet as of April 30, 2003, which reported MWF's net income as of April 30, 2003 as $696,574.22.
In July of 2003, Stein informed Purcell that the line item income figure for "Misc. Billing to Customers" of $613,461.19 was a fabrication. In August of 2003, Purcell brought suit against MWF, Knight, and Stein for breach of the Redemption Agreement. During the course of discovery, Purcell learned that the fabricated income figure, "Misc. Billing to Customers," was "done in accordance with instructions from Joe Howarth at Old National Bank." Purcell then brought the instant case against the Bank alleging a number of claims arising from Howarth's instructions. The Bank filed its answer stating the affirmative defenses of: (1) failure to state a claim upon which relief can be granted; (2) laches; (3) estoppel; (4) failure to plead fraud with particularity; and (5) notice that other affirmative defenses may be added later upon completion of discovery. The Bank did not raise the Subordination Agreement as an affirmative defense. The Bank moved for summary judgment, claiming that the Subordination Agreement barred Purcell from bringing any claims against the Bank. Purcell moved to strike the Bank's designation of the Subordination Agreement as support for its motion for summary judgment. The trial court denied Purcell's motion to strike and granted the Bank's summary judgment motion. Purcell now appeals.

DISCUSSION AND DECISION
When reviewing a grant or denial of summary judgment, we apply the same standard as the trial court: summary judgment is only appropriate when the designated evidence shows that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C); Jacobs v. Hilliard, 829 N.E.2d 629, 632 (Ind. Ct. App. 2005), trans. denied. The burden is on the moving party to designate sufficient evidence to eliminate any genuine issues of material fact, and when this requirement is fulfilled, the burden shifts to the nonmoving party to come forth with contrary evidence. Jacobs, 829 N.E.2d at 632. We construe all facts and reasonable inferences to be drawn from those facts in favor of the nonmoving party. Id.
Purcell contends that the Subordination Agreement was a matter of avoidance, waiver, or release, which the Bank failed to raise as affirmative defenses in its answer. Because it was not raised as an affirmative defense, Purcell contends that the Bank has waived the defense. In response, the Bank asserts that the Subordination Agreement is not an affirmative defense, but directly counters the specific elements of Purcell's complaint.
Indiana Trial Rule 8(C) requires a defendant to include in its responsive pleadings various affirmative defenses that, ultimately, the defendant must prove. An affirmative defense raises matters outside the scope of the prima facie case and bar the plaintiff's relief. Paint Shuttle, Inc. v. Cont'l Cas. Co., 733 N.E.2d 513, 524 (Ind. Ct. App. 2000), trans. denied. A failure to include an affirmative defense in a responsive pleading results in waiver. Willis v. Westerfield, 839 N.E.2d 1179, 1185 (Ind. 2006). Although T.R. 8(C) specifically lists a number of affirmative defenses, the defenses listed in the rule are not exhaustive. Paint Shuttle, 733 N.E.2d at 524. Any matter constituting an avoidance, whether of content or affirmative defense, must be definitively pled. Id. "The determination of whether a defense is affirmative depends upon whether it controverts an element of a plaintiff's prima facie case or raises matters outside the scope of the prima facie case." Id. (citing Molargik v. W. Enters., Inc., 605 N.E.2d 1197, 1199 (Ind. Ct. App. 1993)).
In his Complaint against the Bank, Purcell made claims for negligence; tortious interference with a contractual relationship; actual, constructive, and statutory fraud; and negligent retention. In none of these claims would the Subordination Agreement between the Bank and Purcell be part of the prima facie case, which he must establish. Rather, in regard to each of the claims, the Subordination Agreement raises matters outside the scope of the prima facie case and operates as a bar to Purcell's recovery.
A review of the Bank's claims supports this conclusion. In its motion for summary judgment, the Bank claimed, "[Bank's] Brief in Support of Motion for Summary Judgment filed contemporaneously herewith sets out in detail why [Purcell's] execution of the Subordination Agreement bars him from bringing any claims against [Bank] even if his tale of rescue was feasible." Appellant's App. at 43 (Emphasis added). In its brief in support of its summary judgment motion, the Bank claimed that, "[Purcell's] Subordination Agreement proscribes him from bringing any claims against [Bank]." Id. (Emphasis added). "[B]y the Subordination Agreement, [Purcell] executed a comprehensive waiver." Id. at 76 (Emphasis added). "By the clear and unambiguous terms of the Subordination Agreement, [Purcell] is proscribed from asserting any claim whatsoever against [Bank]." Id. (Emphasis added). "Even if Purcell's allegations are true . . . events occurring after [Purcell] executed the Subordination Agreement are of no moment." Id. at 77 (Emphasis added). ". . . [Purcell's] execution of the Subordination Agreement bars any recovery." Id. (Emphasis added). Each of these contentions relates not to any element of any of Purcell's claims, but rather to whether he is barred by the Subordination Agreement from making such claims.
Because the Subordination Agreement raises matters outside the scope of Purcell's prima facie case and operates, instead, to bar Purcell's recovery, it is an affirmative defense. Because the Subordination Agreement was not included in the Bank's answer, it is waived and cannot be the basis for the Bank's motion for summary judgment. The trial court erred in denying Purcell's motion to strike and granting the Bank's motion for summary judgment.
Reversed and Remanded.
SHARPNACK, J., and MATHIAS, J., concur.
NOTES
[1] We held oral argument on this case on September 27, 2006. We commend counsel on the quality of their oral and written advocacy.