**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**JON P. McCARTY**
Covington, Indiana

ATTORNEYS FOR APPELLEE:

**JEROME L. WITHERED**
**ZACHARY T. WILLIAMS**
Withered Burns, LLP
Lafayette, Indiana



FILED

Jul 19 2012, 9:34 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| IN RE THE MARRIAGE OF MARY LYNN MANNING and RONALD D. MANNING, II, | ) | |
| | ) | |
| RONALD D. MANNING, II, | ) | |
| | ) | |
| Appellant-Respondent, | ) | |
| | ) | |
| vs. | ) | No. 86A04-1112-DR-669 |
| | ) | |
| MARY LYNN MANNING, | ) | |
| | ) | |
| Appellee-Petitioner. | ) | |

APPEAL FROM THE WARREN CIRCUIT COURT
The Honorable Robert M. Hall, Special Judge
Cause No. 86C01-0909-DR-167

July 19, 2012

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**RILEY, Judge**

## STATEMENT OF THE CASE

Appellant-Plaintiff, Ronald D. Manning, II (Ronald), appeals the trial court's finding of contempt of court for failing to reimburse Appellee-Defendant, Mary Lynn Manning (Mary Lynn), certain orthodontia expenses incurred on behalf of the parties' minor child and the trial court's order to produce certain tax returns.

We affirm.

## ISSUES

Ronald raises four issues on appeal, which we restate as the following two issues:

(1) Whether the trial court properly held Ronald in contempt for failing to reimburse Mary Lynn for the orthodontia expenses she incurred on behalf of the parties' minor child; and

(2) Whether the trial court properly ordered Ronald to deliver certain tax documents to Mary Lynn.

## FACTS AND PROCEDURAL HISTORY

Ronald and Mary Lynn were married on April 3, 1993; they separated on August 14, 2009 and on September 8, 2009, Mary Lynn filed a Verified Petition for Dissolution of Marriage. One child was born during the marriage. At the time of separation, the parties were the owners of certain shares of stock in Good Roads, Inc., and the Midwest Municipal Supply Co.

On October 2, 2009, the trial court entered an Agreed Provisional Order, which provided, in pertinent part:

2

4. That Husband shall maintain health insurance for the minor child. All uninsured medical, dental, optical and costs of the minor child incurred before the Decree of Dissolution is entered shall be paid by Husband due to the disparity of income.

\* \* \*

13. Husband shall continue to manage and operate Good Roads, Inc., as his primary occupation, and he shall take all reasonable steps to preserve or grow the parties' interest in Good Roads, Inc., upon the following additional terms and conditions:

(a) The parties shall meet monthly with Lloyd McGowen present, to review the financial condition of the business. Husband shall provide Wife each week a report on all sales and a checking account ledger, and Husband shall facilitate Wife's electronic access to the business bank accounts;

(b) Husband shall allow Wife and/or her consultants and advisers immediate access to the computer software at the business and allow a download of all accounting for the past three years[.]

(Appellant's App. pp. 13, 15).

Following the entry of the Provisional Order, May Lynn incurred orthodontia expenses on behalf of the minor child in August of 2010. The orthodontist's services totaled $4,310.00, which was paid in its entirety by Mary Lynn. Mary Lynn requested reimbursement from Ronald through her attorneys in September 2010. Ronald did not offer payment, instead electing to wait for the final Divorce Decree to be entered.

On November 24, 2010, the trial court entered the Dissolution Decree and Judgment dissolving the marriage and ordering, in pertinent part, that

9. By agreement, Husband shall maintain health and hospitalization insurance for the benefit of the child, so long as it is practical or until further order of the court. Wife shall pay the first $902.00 of all annual uninsured medical expenses. Husband shall then cover and pay seventy-five percent (75%) and Wife shall cover and pay twenty-five percent (25%)

3

of any uninsured medical, dental, orthodontia, optical, ophthalmological, prescription, or other medical expenses for the parties' minor child.

* * *

15. By agreement, Good Roads, Inc. consists of ownership of 600 shares of stock with Wife being the owner of 300 shares, Husband being the owner of 240 shares and the minor child being the owner of 60 shares. Husband agreed to and did ultimately pay Wife the sum of $650,000.00 for her shares which she ultimately transferred to Husband and agreed to hold her harmless on any debts, liabilities, taxes, and other obligations from Good Roads, Inc. as property settlement with Husband receiving credit for payments of federal and state income taxes. By the agreement, the transfer of stock from Wife to Husband is determined to be effective as of January 1, 2009.

* * *

20. The parties also are owners of Midwest Municipal Supply, Inc. ("MMS"), with a bank account of $225,874.43, which, except for $12,000.00 previously ordered held in escrow by the court, has been divided equally between the parties after the documentation was completed to treat the payment to Wife as a dividend. The contention for part of the escrowed funds being used for 2009 taxes and for tax preparation is without merit and the escrowed funds shall be divided equally between the parties by the Wallace Law Firm, except for an amount hereinafter mentioned.

* * *

22. By agreement, parties shall file a joint 2009 tax return with Husband being responsible for all tax payment except for the sums withheld from Wife's W-2. Husband to receive credit for all estimated taxes for 2009 that had been paid.

(Appellant's App. pp. 18-19).

On June 16, 2011, Mary Lynn's counsel sent a letter to Ronald's counsel discussing his attempts to obtain a copy of the 2009 tax returns for Good Roads and Midwest Municipal Supply Co. in order to determine Mary Lynn's tax liability as well as the reimbursement of orthodontia expenses. On June 30, 2011, Ronald forwarded a

4

check in the amount of $2,566.00 representing his portion of the minor child's orthodontia expenses calculated pursuant to the guidelines of the Divorce Decree. That same day, on June 30, 2011, Ronald filed a motion for rule to show cause, alleging Mary Lynn had failed to execute a joint income tax refund check. On July 13, 2011, Mary Lynn filed her response to Ronald's motion, as well as a cross-motion to cite Ronald for contempt and request for sanctions. On September 30, 2011, the trial court conducted a hearing on the parties' cross-motions and entered its order on November 29, 2011, providing in pertinent part that:

> In regard to the tax returns for calendar years 2009 and 2010 for Good Roads, Inc. and Midwest Municipal Supply Co., the court finds that the same should be made available to the CPA for [Mary Lynn]. The court finds that the order portion hereof needs to specify the manner in which said returns are to be provided.
>
> * * *
>
> In regard to the orthodontia issue, the court finds that the provision applicable thereto is paragraph 4 of the Agreed Provisional Order. The court finds [Ronald] is responsible for 100% of said cost of $4,310.00 and that the same should be paid to [Mary Lynn], who has already paid the same, within a time specified herein. This finding is consistent with the agreement of the parties and is not a modification of those terms.
>
> * * *
>
> In regard to the contempt issues, the court finds that the circumstances concerning the allegations against [Mary Lynn] do not disclose that there was a willful failure to comply pursuant to the positions of the parties that are in dispute. In regard to [Mary Lynn's] Petition, the circumstances surrounding all issues except the payment of the orthodontia bill are likewise not in the realm of willful failure to comply that rises to the status of contempt. However, in regard to the orthodontia issue in view of the clear language of paragraph 4 of the Agreed Provisional Order, the Court does find that [Ronald's] failure to pay the full amount is willful and that he

5

should be punished accordingly by being required to pay a portion of [Mary Lynn's] expenses related thereto.

It is therefore ORDERED that [Ronald] or his designee shall provide to [Mary Lynn's] CPA a copy of the 2009 and 2010 Federal and State tax returns of Good Roads, Inc. and Midwest Municipal Supply Co.

* * *

Therefore, [Mary Lynn] is found not to be in contempt and [Ronald] shall recover nothing by way of his allegations against [Mary Lynn]. It is further found that [Ronald] is not in contempt relative to any allegations of [Mary Lynn] except that is it ORDERED that he be and hereby is found in contempt relative to his failure to pay the orthodontia expenses of the child. [Ronald] is ORDERED to purge himself of contempt by paying the orthodontic expenses to [Mary Lynn] as above set forth and by paying $1,500.00 of [Mary Lynn's] attorney fees on or before January 30, 2010, as a result of such failure to pay and the expenses incurred as a result thereof and his failure to be prepared to proceed at the prior hearing of which he had adequate notice resulting in a duplication of efforts in this case.

(Appellant's App. pp. 10-12).

Ronald now appeals. Additional facts will be provided as necessary.

DISCUSSION AND DECISION

I. *Standard of Review*

When a trial court enters findings of fact and conclusions of law, we apply a two-tiered standard of review: first, we determine whether the evidence supports the findings, and second, whether the findings support the judgment. *Supervised Estate of Allender v. Allender*, 833 N.E.2d 529, 532 (Ind. Ct. App. 2005), *reh'g denied, trans. denied*. In deference to the trial court's proximity to the issues, we disturb the judgment only where there is no evidence supporting the findings or the findings fail to support the judgment. *Id*. We do not reweigh the evidence, but consider only the evidence favorable to the trial

6

court's judgment. *Id*. Challengers must establish that the trial court's findings are clearly erroneous. *Id*. Findings are clearly erroneous when a review of the record leaves us firmly convinced that a mistake has been made. *Id*. We do not defer to conclusions of law, however, and evaluate them *de novo*.

## II. *Finding of Contempt*

Ronald contends that the trial court abused its discretion when it obliged him to pay Mary Lynn's attorney fees after a finding of contempt based on his willful failure to pay the minor child's orthodontia expenses after being ordered to do so in the Provisional Order. In order to be held in contempt for failing to follow a trial court's order, a party must have willfully disobeyed the order. *Philips v. Delks*, 880 N.E.2d 713, 717 (Ind. Ct. App. 2008). The order must have been so clear and certain that there could be no question as to what the party must do, or not do, and so there could be no question regarding whether the order is violated. *Id*. at 717-18. Otherwise a party could be held in contempt for disobeying an ambiguous order in good faith. *Id*. at 718. The determination of whether a party is in contempt of court is a matter left to the trial court's discretion. We will reverse a trial court's finding of contempt only where there is no evidence or inferences therefrom to support it. *Id*. As with other sufficiency matters, we will neither reweigh evidence nor judge witness credibility. *Id*.

Ronald's contention is two-fold. First, he argues that pursuant to the doctrine of merger, the amount owed for orthodontia expenses, incurred under the Provisional Order, merged into the provisions of the Dissolution Decree upon the trial court's entry of the final decree. Secondly, and alternatively, Ronald argues that even if the merger doctrine

is inapplicable, the trial court's order should be reversed because the Provisional Order did not address the payment of orthodontia expenses and therefore any failure of payment cannot be characterized as willful. We will evaluate each contention in turn.

A. *Doctrine of Merger*

Initially, we note that Ronald did not raise the doctrine of merger before the trial court. As we have stated numerous times before, a party may not present an argument or issue to an appellate court unless the party raised that argument or issue to the trial court. *Sedona Development Group, Inc., v. Merrillville Road*, 801 N.E.2d 1274, 1280 (Ind. Ct. App. 2004). This rule of waiver in part protects the integrity of the trial court as it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider. *GKC Indiana Theatres, Inc. v. Elk Retail Investors*, LLC., 764 N.E.2d 647, 651 (Ind. Ct. App. 2002). Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case. *Id*. Consequently, an argument or issue not presented to the trial court is generally waived for appellate review. *Id*.

B. *Contempt*

We next turn to Ronald's claim that the trial court's order should be reversed because the Provisional Order did not address the payment of orthodontia expenses and therefore any failure of payment cannot be characterized as willful. Specifically, unlike the final decree where orthodontia expenses were explicitly mentioned, Ronald maintains that the Provisional Order did not include orthodontia expenses. Even if orthodontia expenses were included, he contends that the Provisional Order is at a minimum ambiguous and therefore the non-payment thereof cannot be considered to be willfull.

8

While we agree with Ronald that the Provisional Order fails to expressly mention orthodontia expenses, nevertheless, the Order includes a clear reference to "[a]ll uninsured . . . dental . . . costs of the minor child incurred before the Decree of Dissolution is entered shall be paid by Husband due to the disparity of income." (Appellant's App. p. 13). In *Glick v. Lawmaster*, 648 N.E.2d 370, 374 (Ind. Ct. App. 1995), we concluded that although orthodontia expenses are distinct from medical expenses, orthodontia expenses are a form of dental expenses under Indiana law. In light of *Glick*, we hold that the Provisional Order's reference to dental expenses include the minor child's orthodontia costs.

Because the Provisional Order provided for the payment of dental costs by Ronald and due to the high degree of discretion a trial court exhibits in contempt findings, we will not disturb the trial court's conclusion of Ronald's contempt. We affirm the trial court.

### III. *Tax Returns*

Next, Ronald contends that the trial court erred by mandating him to provide Mary Lynn with a copy of the 2009 and 2010 Federal and State tax returns of Good Roads, Inc. and Midwest Municipal Supply Co.

The record, as well as the Dissolution Decree, indicate that both Good Roads, Inc. and Midwest Municipal Supply Co. were owned by Ronald and Mary Lynn. Upon dissolution of the marriage, Ronald became the sole owner of the companies.[1] Pursuant

---

[1] For completeness' sake, it should be noted that the minor child is the owner of sixty shares of Good Roads, Inc.

9

to the divorce decree, Ronald is responsible for all tax liabilities, including Mary Lynn's, for the year 2009. In order to determine her tax liability—and by consequence Ronald's obligation to pay her tax liability—for 2009 and 2010, Mary Lynn is requesting a copy of the tax returns filed for Good Roads,. Inc. and Midwest Municipal Supply Co. Thus, Mary Lynn is not asking access to current financial information of the companies; rather, she is requesting access to financial information pertaining to the time she was still part-owner of the companies.

Pursuant to Indiana Code section 23-1-52-2, "the shareholder of a corporation is entitled to inspect and copy . . . any of the records of the corporation[.]" Moreover, the determination of tax liabilities is still unresolved and is considered a pending issue from the Dissolution Decree. *Van Meter v. Zimmer*, 697 N.E.2d 1281, 1284 (Ind. Ct. App. 1998) (the production of tax returns was a pending issue post-dissolution and fell within the trial court's discretion to regulate discovery). "Any matter, not privileged, which is relevant to the subject-matter involved in the pending action is discoverable." Ind. Trial Rule 26(B). To the extent Mary Lynn requires the tax returns of the corporation during the years in which she was part-owner in order to compute her—and Ronald's—tax liabilities as decreed in the divorce decree, the tax returns of the corporations are relevant and discoverable. Therefore, the trial court did not abuse its discretion by ordering Ronald to make a copy of the corporations' tax returns available to Mary Lynn.

<u>CONCLUSION</u>

10

Based on the foregoing, we conclude that: (1) the trial court did not abuse its discretion by finding Ronald in contempt and (2) the trial court did not abuse its discretion when it ordered the production of tax records.

Affirmed.

NAJAM, J. and DARDEN, J. concur