# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**ROBERT D. WICKENS**
Greensburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**MONIKA PREKOPA TALBOT**
Deputy Attorney General
Indianapolis, Indiana

FILED
Apr 29 2014, 9:43 am
CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

TYLER J. VEERKAMP,                    )
                                      )
    Appellant-Defendant,              )
                                      )
        vs.                       )      No.  16A01-1310-CR-439
                                      )
STATE OF INDIANA,                     )
                                      )
    Appellee-Plaintiff.               )

APPEAL FROM THE DECATUR SUPERIOR COURT
The Honorable Matthew D. Bailey, Judge
Cause No. 16D01-1303-FD-151

**April 29, 2014**

**OPINION – FOR PUBLICATION**

**PYLE, Judge**

STATEMENT OF THE CASE

Tyler J. Veerkamp ("Veerkamp") files an interlocutory appeal of the trial court's denial of his motion to suppress evidence. We hold that a law enforcement officer has probable cause that Indiana Code § 9-19-8-5 has been violated when fumes or smoke emanating from the engine or power mechanism of a motor vehicle completely obscure a motorist's view of a portion of the vehicle being followed.

We affirm.

ISSUE

Whether the trial court abused its discretion when it denied Veerkamp's motion to suppress evidence.

FACTS

At approximately 10:35 p.m. on March 2, 2013, Greensburg Police Officer Justin Wells ("Officer Wells") was driving westbound on Main Street in Greensburg, Indiana, when Veerkamp, driving his truck, turned onto Main Street a block in front of the officer. As Veerkamp's truck turned and accelerated, its exhaust system emitted "excessive" smoke. (Tr. 7). At one point, Officer Wells "could not even see [] the passenger side tail light of [Veerkamp's] vehicle because the smoke was so excessive." (Tr. 7). After Veerkamp turned, his truck stopped emitting smoke, and Officer Wells was able to see again. However, Officer Wells initiated a traffic stop of the truck based on the smoke and discovered that Veerkamp seemed to be driving while under the influence of alcohol. Subsequently, on March 3, 2013, the State charged Veerkamp with Class D felony operating a vehicle while intoxicated.

2

On April 15, 2013, Veerkamp filed a motion to suppress all of the evidence obtained as a result of the traffic stop. He argued that the stop had violated his rights under the Fourth Amendment of the United States Constitution and Article I, Section 11 of the Indiana Constitution and that any evidence gained as a result of the search was, thus, inadmissible. Specifically, he contended that Officer Wells did not have reasonable suspicion to stop his vehicle because the smoke coming from his truck did not constitute a traffic violation. He argued that it only lasted for a brief amount of time and, in his view, was not excessive.

The trial court held a hearing on Veerkamp's motion on July 22, 2013. At the hearing, the State introduced the video from Officer Wells' in-car video system into evidence. The video contained footage of Veerkamp turning onto Main Street, as well as the smoke coming from Veerkamp's truck. Officer Wells also testified and stated that he did not see Veerkamp driving erratically or speeding before the traffic stop. Nor did he notice any other driving behaviors that would have led him to believe that Veerkamp was driving while impaired. When Veerkamp's counsel asked Officer Wells how he differentiated between excessive and non-excessive smoke, he replied "if it obscures visib[ility], I think it's excessive." (Tr. 12).

At the conclusion of the hearing, the trial court issued an order denying the motion to suppress evidence. The court found that Veerkamp had committed a Class C infraction by violating Indiana Code § 9-19-8-5, which provides that "[t]he engine and power mechanism of a motor vehicle must be equipped and adjusted so as to prevent the escape of excessive fumes and smoke." As a result of this infraction, the trial court

3

concluded that Officer Wells had reasonable suspicion to stop Veerkamp and that both the U.S. and Indiana Constitutions permitted the stop. On September 9, 2013, Veerkamp moved to certify the trial court's order for interlocutory appeal, and the trial court granted the order. This Court then accepted jurisdiction of the interlocutory appeal, and Veerkamp appeals the trial court's order on an interlocutory basis. We will provide additional facts as necessary.

DECISION

Veerkamp argues that Officer Wells' traffic stop violated his rights under the Fourth Amendment of the U.S. Constitution and Article I, Section 11 of the Indiana Constitution and that any evidence gained as a result of the stop is, thus, inadmissible. We will address each of these constitutional arguments in turn.

First, though, we recognize that our standard of review of a trial court's ruling on a motion to suppress is similar to other sufficiency issues. *State v. Quirk*, 842 N.E.2d 334, 340 (Ind. 2006). The record must disclose substantial evidence of probative value that supports the trial court's decision. *Id.* We will not reweigh the evidence or reassess the credibility of witnesses, and we consider conflicting evidence most favorably to the trial court's decision. *State v. Keck*, 4 N.E.3d 1180, 1183 (Ind. 2014). We review the trial court's conclusions of law, including determinations of reasonable suspicion, *de novo*. *Id.*

1. Fourth Amendment

4

The Fourth Amendment to the United States Constitution protects the privacy and possessory interests of individuals by prohibiting unreasonable searches and seizures. *Sugg v. State*, 991 N.E.2d 601, 607 (Ind. Ct. App. 2013). It provides:

> The right of the people to be secure in their persons, houses, papers and effects, against unreasonable searches and seizures, shall not be violated, and no warrants shall issue, but upon probable cause, supported by oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized.

U.S. CONST. amend. IV. An investigatory traffic stop of a vehicle and temporary detention of its occupants constitutes a "seizure" within the meaning of the Fourth Amendment. *McLain v. State*, 963 N.E.2d 662, 666 (Ind. Ct. App. 2012), *trans. denied.* However, a traffic stop is permissible under the Fourth Amendment if the law enforcement officer "has a reasonable suspicion supported by articulable facts that criminal activity 'may be afoot.'" *Terry v. Ohio*, 392 U.S. 1, 30 (1968). If an officer observes a driver commit a traffic violation, that constitutes probable cause—and the lesser included reasonable suspicion—to stop the driver. *See Keck*, 4 N.E.3d at 1184. If the officer stops a driver based on a mistaken belief that the observed conduct constitutes an infraction, the officer's suspicion is no longer reasonable, and the stop is therefore unsupported and impermissible. *Id.*

The trial court here determined that Officer Wells' stop of Veerkamp was constitutionally permissible because he had reasonable suspicion that Veerkamp had committed an infraction by violating Indiana Code § 9-19-8-5, which provides that "[t]he engine and power mechanism of a motor vehicle must be equipped and adjusted so as to prevent the escape of excessive fumes and smoke." Pursuant to Indiana Code § 9-19-8-6,

5

violation of Indiana Code § 9-19-8-5 is a Class C infraction. Veerkamp disputes the trial court's conclusion by claiming that the smoke his truck emitted was not "excessive" as prohibited by Indiana Code § 9-19-8-5. He also points to an exception to Indiana Code § 9-19-8-5. Under Indiana Code § 9-19-8-6, section 9-19-8-5's prohibitions do not apply to a person "who owns or operates a vehicle or combination of vehicles that: (1) contains parts and accessories; and (2) is equipped; as required under regulations of the United States Department of Transportation." I.C. § 9-19-8-6. Veerkamp argues that Officer Wells did not have reasonable suspicion because he did not determine whether this exception applied to Veerkamp prior to stopping him.

With respect to Veerkamp's first argument concerning whether he committed a traffic infraction, we note that the Indiana Code does not define the term excessive, and we have never interpreted it in the context of Indiana Code § 9-19-8-5. However, we will give an unambiguous statute its clear and plain meaning. *McCabe v. Comm'r, Ind. Dep't Ins.*, 949 N.E.2d 816, 819 (Ind. 2011). The Merriam-Webster Online Dictionary defines excessive as "exceeding what is usual, proper, necessary, or normal." MERRIAM-WEBSTER ONLINE DICTIONARY, *available at* http://www.merriam-webster.com/dictionary/excessive (last visited April 15, 2014). Based on this definition, we conclude that the trial court did not err in determining that the smoke coming from Veerkamp's truck was excessive. Officer Wells testified that he could not visibly see through the smoke and that at one point the smoke covered Veerkamp's passenger side tail light. The officer also testified that in his experience visible smoke such as that coming from Veerkamp's vehicle was not "common." (Tr. 12). "Common" is a

6

synonym for the word "normal." *See* ROGET'S II THE NEW THESAURUS 180 (3rd ed. 2003). Accordingly, this testimony implied that the smoke coming from Veerkamp's truck exceeded "normal" amounts and was, therefore, "excessive." We will not address Veerkamp's arguments concerning the duration of the smoke or Officer Wells' credibility as this court does not reweigh evidence or address credibility on appeal. *See Keck*, 4 N.E.3d at 1183.

Veerkamp's second argument is that Officer Wells did not have reasonable suspicion to instigate the traffic stop because he did not determine whether Veerkamp fell under an exception to Indiana Code § 9-19-8-5. As stated above, Indiana Code § 9-19-8-5's prohibitions do not apply to a person "who owns or operates a vehicle or combination of vehicles that: (1) contains parts and accessories; and (2) is equipped; as required under regulations of the United States Department of Transportation." I.C. § 9-19-8-6. Veerkamp suggests that, because Officer Wells did not attempt to determine whether this exception applied to Veerkamp, he could not have known whether Veerkamp had committed a traffic infraction. The State responds by arguing that Veerkamp waived this argument by failing to raise it before the trial court. We agree. A party waives "appellate review of an issue or argument unless the party raised that issue or argument before the trial court." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 652 (Ind. Ct. App. 2002). We will not address this argument any further.

Because Veerkamp committed a traffic infraction, we conclude that Officer Wells had reasonable suspicion to stop Veerkamp and that the stop was permissible under the Fourth Amendment.

7

2. Article I, Section 11

Veerkamp also challenges his traffic stop under Article I, Section 11 of the Indiana Constitution. Although the Fourth Amendment and Article I, Section 11 are worded identically, our Indiana constitutional standard "has evolved differently from the Fourth Amendment analysis." *Smith v. State*, 744 N.E.2d 437, 440 (Ind. 2001). Under Article I, Section 11, "'we focus on the actions of the police officer[] and employ a totality-of-the-circumstances test to evaluate the reasonableness of the officer's actions.'" *Austin v. State*, 997 N.E.2d 1027, 1034 (Ind. 2013) (quoting *Duran v. State*, 930 N.E.2d 10, 17 (Ind. 2010)). In doing so, we balance three factors: "'1) the degree of concern, suspicion, or knowledge that a violation has occurred; 2) the degree of intrusion the method of the search or seizure imposes on the citizens' ordinary activities; and 3) the extent of law enforcement needs.'" *Id.* (quoting *Duran*, N.E.2d at 17-18). It is the State's burden to show that intrusion into "'those areas of life that Hoosiers regard as private' was reasonable under the circumstances." *Austin*, 997 N.E.2d at 1034 (quoting *Quirk*, 842 N.E.2d at 340). However, even a minor traffic violation is sufficient to give an officer probable cause to stop the driver of a vehicle. *Id.*

Here, Veerkamp argues that "[c]onsidering that the traffic stop occurred on a Saturday night at 10:30 p.m. in a rural town with little traffic on the street, the totality of the circumstances show that it was likely a pretextual stop." (Veerkamp's Br. 11). A "pretextual" stop is a stop that police instigate "under the guise of enforcing the traffic code what they would like to do for other reasons." *Baldwin v. Reagan*, 715 N.E.2d 332,

8

338 (Ind. 1999). In support of this argument, Veerkamp points to Officer Wells' testimony that his driving was otherwise appropriate.

Regardless of Veerkamp's performance driving, we find the traffic stop reasonable based on the condition of his truck and the three balancing factors listed above. When Officer Wells drove down the street, he saw Veerkamp's truck produce an "excessive" amount of smoke, to the point that Veerkamp's passenger side tail light was not visible. (Tr. 7). As a result, Officer Wells had a high degree of suspicion that Veerkamp had committed a traffic infraction. In addition, Officer Wells' degree of intrusion was minimal as he simply initiated a short traffic stop, and the need for law enforcement was high because the smoke was extensive and blocked visibility, thereby creating a potential traffic hazard. Based on our balancing of the above factors, we conclude that Officer Wells acted reasonably to investigate a suspected traffic infraction and that his actions did not violate Veerkamp's rights under the Indiana Constitution.

Further, because we have determined that Officer Wells' stop did not violate Veerkamp's rights under the Fourth Amendment of the U.S. Constitution and Article I, Section 11 of the Indiana Constitution, we hold that the trial court did not abuse its discretion when it denied Veerkamp's motion to suppress the evidence obtained as a result of the stop.

Affirmed.

FRIEDLANDER, J., and MATHIAS, J., concur.