# FOR PUBLICATION



FILED
Sep 05 2014, 9:03 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**BARBARA J. SIMMONS**
Oldenburg, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**RYAN J. JOHANNINGSMEIER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEROME YATES, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 49A02-1312-CR-993 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE MARION SUPERIOR COURT
The Honorable Carol Orbison, Senior Judge
Cause No. 49F19-1307-CM-47932

**September 5, 2014**

**OPINION - FOR PUBLICATION**

**MAY, Judge**

Jerome Yates was convicted after a jury trial of Class A misdemeanor resisting law enforcement.[1] He argues on appeal he could not have been convicted of resisting law enforcement by fleeing because he did not have a duty to stop.[2] We affirm.

## FACTS AND PROCEDURAL HISTORY

On July 22, 2013, Officer Philip Robinette of the Indianapolis Metropolitan Police Department saw Yates riding a bicycle in front of him. Yates was "swerving across both lanes of travel. Kind of like in an 'S' pattern on his bicycle." (Tr. at 107.) Officer Robinette, who was a member of the bike unit and had been trained on bicycle laws, noted Yates did not have any type of audible device required by law on his bicycle.

Yates turned around and saw the patrol car. At that point, he "began to frantically pedal . . . like he was doing a marathon with his bicycle." (*Id.* at 113.) Officer Robinette turned on the light bar on top of his patrol car and tripped the siren three or four times. Yates again turned around and looked at the patrol car, then turned onto a nearby street without signaling.

Officer Robinette followed Yates and had to speed up his patrol car to keep up with him. Yates attempted to turn into a gravel driveway, but fell off of his bicycle. Officer Robinette got out of his car and yelled "Police, stop." (*Id.* at 119-20.) Yates ran away. Officer Robinette followed, chasing Yates over a chain link fence and between houses,

---

[1] Ind. Code § 35-44-3-3(a)(3).

[2] Yates presents his argument as one alleging insufficient evidence, and the State responds in kind. But to the extent Yates argues he was free to disregard the officer's order to stop because there was no reasonable suspicion he committed a crime, his argument is a constitutional one.

ordering Yates at least once more to stop. Robinette eventually caught Yates. The State charged him with Class A misdemeanor resisting law enforcement.

## DISCUSSION AND DECISION

We review *de novo* trial court determinations of reasonable suspicion. *Armfield v. State*, 918 N.E.2d 316, 319 (Ind. 2009). We make reasonable-suspicion determinations by looking at the totality of the circumstances of each case to see whether the detaining officer had a particularized and objective basis for suspecting legal wrongdoing.

> Our legislature defined resisting law enforcement as occurring when:
>
> A person who knowingly or intentionally . . . flees from a law enforcement officer after the officer has, by visible or audible means, including operation of the law enforcement officer's siren or emergency lights, identified himself or herself and ordered the person to stop; commits resisting law enforcement, a Class A misdemeanor.

Ind. Code § 35-44.1-3-1. The facts most favorable to the judgment demonstrate Yates was riding a bicycle on a public street when Officer Robinette activated the lights and siren on his patrol car, identified himself as a police officer, and ordered Yates to stop. In addition, after Yates fell off the bicycle, he ran away from Officer Robinette as the officer continued to order Yates to stop. Thus, Yates twice violated Ind. Code § 35-44.1-3-1 by fleeing from a law enforcement officer after the officer had identified himself by visible and audible means and ordered Yates to stop.

Yates argues he had no duty to stop because Officer Robinette had no reasonable suspicion that criminal activity "may be afoot." *Terry v. Ohio*, 392 U.S. 1, 27 (1968). The language of the resisting law enforcement statute, on its face, does not expressly require that

3

the order to stop be lawful.

> Literally applied, however, the "after the officer has . . . ordered the person to stop" element of the statute, if applied in the absence of probable cause or reasonable suspicion, constitutes an unreasonable detention and impairs a citizen's "right to ignore the police and go about his business," [*Illinois v. Wardlow*, 528 U.S. 119, 123 (2000)], contrary to the Fourth Amendment.

*Gaddie v. State*, 10 N.E.3d 1249, 1254-55 (Ind. 2014).

Officer Robinette had reasonable suspicion to order Yates to stop. Officer Robinette saw Yates commit two infractions, operating a bicycle left of center and operating a bicycle on a public roadway without an audible device, which provided reasonable suspicion to stop Yates. *See Veerkamp v. State*, 7 N.E.3d 390, 395 (Ind. Ct. App. 2014) ("[b]ecause Veerkamp committed a traffic infraction, we conclude that Officer Wells had reasonable suspicion to stop Veerkamp and that the stop was permissible under the Fourth Amendment"), *reh'g denied*. We accordingly affirm.

Affirmed.

VAIDIK, C.J., and FRIEDLANDER, J., concur.

4