## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Mar 18 2015, 9:25 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Hilary Bowe Ricks | Gregory F. Zoeller |
| Indianapolis, Indiana | Attorney General of Indiana |
| | |
| | Jodi Kathryn Stein |
| | Deputy Attorney General |
| | Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Renicka Hoskins, | March 18, 2015 |
| *Appellant-Defendant,* | Court of Appeals Case No. 49A04-1409-CR-407 |
| v. | Appeal from the Marion Superior Court, Criminal Division 18 |
| State of Indiana. | The Honorable David Hooper Judge Pro Tempore |
| *Appellee-Plaintiff* | Cause No. 49F18-1209-FD-064380 |

**Friedlander, Judge.**

[1] Following a bench trial, Renicka Hoskins was convicted of Operating a Vehicle While Intoxicated (endangerment) with a Prior Conviction, a class D felony,[1] and Operating a Vehicle While Intoxicated (alcohol concentration of .15 or higher) with a Prior Conviction, a class D felony.[2] On appeal, Hoskins argues that her convictions are not supported by sufficient admissible evidence.

[2] We affirm.

[3] At approximately 2:45 a.m. on September 16, 2012, Trooper Kyle Mitchell of the Indiana State Police was driving northbound on Arlington Avenue and came to a stoplight at the intersection with 38th Street. Hoskins was in a red Honda, travelling southbound on Arlington Avenue at 38th Street, and almost ran "head on" into Trooper Mitchell's fully marked police vehicle. *Transcript* at 11. Hoskins slammed on her brakes causing the car's tires to screech and then steered the car so as to avoid a collision before turning into a vacant lot. Trooper Mitchell executed his intended left turn and headed westbound on 38th

---

[1] Ind. Code Ann. § 9-30-5-2(b) (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015); I.C. § 9-30-5-3(a)(1) (West, Westlaw 2012) (felony enhancement based on prior conviction within five years of present offense). Effective July 1, 2014, this offense has been reclassified as a Level 6 felony. *See* I.C. § 9-30-5-3(a)(1) (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015). Because Hoskins committed this offense prior to that date, it retains its classification as a class D felony.

[2] I.C. § 9-30-5-1(b)(1)(2) (West, Westlaw 2012); ); I.C. § 9-30-5-3(a)(1) (felony enhancement based on prior conviction within five years of present offense). Effective July 1, 2014, this offense has been reclassified as a Level 6 felony. *See* I.C. § 9-30-5-3(a)(1) (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015). Because Hoskins committed this offense prior to that date, it retains its classification as a class D felony.

Street. Trooper Mitchell then observed in his rearview mirror that Hoskins quickly exited the vacant lot and continued eastbound on 38th Street. Hoskins made an unsafe lane movement and failed to use a turn signal. Trooper Mitchell turned his car around, activated his lights and siren, and initiated a traffic stop of the vehicle Hoskins was driving.

[4]  Trooper Mitchell approached the vehicle and Hoskins verbally identified herself. Trooper Mitchell noticed that Hoskins's speech was slurred, she was mumbling her words, and her eyes were red and glassy. Trooper Mitchell also observed that when Hoskins handed him her vehicle registration, her manual dexterity was poor and when Hoskins tried to write her name and date of birth, she dropped the pen and paper. Hoskins admitted to Trooper Mitchell that she had been to a couple of parties and had been drinking wine that night.

[5]  Trooper Mitchell then conducted a horizontal gaze nystagmus test, which Hoskins failed. Because Hoskins kept falling over into lanes of traffic, Trooper Mitchell, in the interests of Hoskins's safety, decided against conducting further field sobriety tests. Trooper Mitchell then conducted a portable breath test (PBT) that reported a reading of .2, at which time he read Hoskins the Indiana Implied Consent law and arranged for transport to obtain a certified breath test. Trooper Mitchell transported Hoskins to the Indiana State Police Post located at 21st Street and Post Road, where she voluntarily submitted to a certified PBT, the results of which indicated that Hoskins had .18 gram of alcohol per two-hundred ten liters of breath.

[6] Later that same day, the State charged Hoskins with Count I, operating a vehicle while intoxicated (endangerment), a class A misdemeanor; Count II, operating a vehicle while intoxicated (alcohol concentration of .15 or higher), a class A misdemeanor; and Count III, operating a vehicle while intoxicated (alcohol concentration between .08 and .14), a class C misdemeanor. The State also filed class D felony enhancements for Counts I and II, alleging that Hoskins had a previous conviction for operating a vehicle while intoxicated within the previous five years. The trial court held a bench trial on July 2, 2014, at the conclusion of which the trial court found Hoskins guilty of Counts I and II. Hoskins then stipulated to having a prior conviction for operating a vehicle while intoxicated within five years preceding the instant offense. At a sentencing hearing on August 6, 2014, the trial court merged the misdemeanor guilty findings into the class D felony convictions and sentenced Hoskins on the class D felony convictions to concurrent terms of 545 days with 543 days suspended to probation. Hoskins now appeals.

[7] Hoskins argues that her convictions are not supported by sufficient admissible evidence. Specifically, Hoskins contends that the traffic stop that precipitated her arrest was not based on reasonable suspicion and thus violated her rights under the Fourth Amendment and article 1, § 11 of the Indiana Constitution. Hoskins therefore asserts that any testimony regarding the traffic stop and the evidence obtained as a result thereof were inadmissible. Hoskins acknowledges that she did not object to the admission of testimony of the traffic stop, but nevertheless argues that it was the trial court's "duty" to "*sua sponte* 'suppress'

the testimony." *Appellant's Brief* at 6. Hoskins maintains that the admission of the testimony concerning the traffic stop amounted to fundamental error.

[8] The Fourth Amendment to the United States Constitution declares, "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated." The purpose of this provision is to protect people from unreasonable search and seizure, and it applies to the states through the Fourteenth Amendment. *Krise v. State*, 746 N.E.2d 957 (Ind. 2001). A traffic stop of an automobile and temporary detention of its occupants constitutes a "seizure" within the meaning of the Fourth Amendment. *Whren v. United States*, 517 U.S. 806 (1996). To be valid, a traffic stop must be supported by, at least, reasonable suspicion a traffic law has been violated or other criminal activity is afoot. *Meredith v. State*, 906 N.E.2d 867 (Ind. 2009); *Veerkamp v. State*, 7 N.E.3d 390 (Ind. Ct. App. 2014) (noting that where an officer observes a driver commit a traffic violation, such establishes probable cause—and thus the lesser included reasonable suspicion—required to stop the driver), *trans. denied*.

[9] Here, Trooper Mitchell had at least reasonable suspicion to stop the vehicle Hoskins was driving and investigate the situation. To be sure, Trooper Mitchell testified that he observed Hoskins fail to use her turn signal to signal her turn, a violation of Ind. Code Ann. § 9-21-8-25 (West, Westlaw current with all legislation of the 2015 First Regular Session of the 119th General Assembly effective through February 23, 2015), and engage in unsafe lane movement, a violation of I.C. § 9-21-8-24 (West, Westlaw current with all legislation of the

2015 First Regular Session of the 119th General Assembly effective through February 23, 2015). Hoskins does not challenge the validity of these traffic infractions.

[10] In addition to the above traffic infractions, the totality of the circumstances lends further support to a finding that Trooper Mitchell had the requisite reasonable suspicion to stop the vehicle Hoskins was driving. Reasonable suspicion to justify a stop need not rise to the level of suspicion necessary for probable cause. *State v. Belcher*, 725 N.E.2d 92 (Ind. Ct. App. 2000). Reasonable suspicion entails at least a minimum level of objective justification. *Id*. It does, however, require more than mere hunches or unparticularized suspicions. *Potter v. State*, 912 N.E.2d 905 (Ind. Ct. App. 2009).

[11] Trooper Mitchell's first encounter with Hoskins was when Hoskins nearly hit his fully marked police car head-on as he was sitting at an intersection waiting to make a left turn. Hoskins hit the brakes so hard that the tires squealed against the pavement. Hoskins avoided hitting Trooper Mitchell and pulled the vehicle directly into a vacant lot. Trooper Mitchell continued with his intended left turn and immediately observed in his rear-view mirror that Hoskins quickly pulled out of the vacant lot and headed in the opposite direction, failed to use her turn signal, and made an unsafe lane change. Trooper Mitchell's testimony that he had not intended to initiate a traffic stop immediately after Hoskins nearly hit him head-on does not negate the fact that Hoskin's erratic driving at that point, in combination with Trooper Mitchell's subsequent observations of Hoskins's driving provided Trooper Mitchell with reasonable suspicion to

conduct a traffic stop. Trooper Mitchell's stop of Hoskins's vehicle did not violate the Fourth Amendment or article 1, § 11. There was thus no error, let alone fundamental error, in the admission of evidence that flowed from the traffic stop, i.e., Trooper Mitchell's testimony and the results of the certified breath test.

[12] To the extent that Hoskins argues that the evidence is insufficient to support her convictions, we disagree. In reviewing a challenge to the sufficiency of the evidence, we neither reweigh the evidence nor judge the credibility of witnesses. *Atteberry v. State*, 911 N.E.2d 601 (Ind. Ct. App. 2009). Instead, we consider only evidence supporting the conviction and the reasonable inferences to be drawn therefrom. *Id.* If there is substantial evidence of probative value from which a reasonable trier of fact could have drawn the conclusion that the defendant was guilty of the crime charged beyond a reasonable doubt, then the judgment will not be disturbed. *Baumgartner v. State*, 891 N.E.2d 1131 (Ind. Ct. App. 2008).

[13] To sustain Hoskins's convictions, the State was required to prove that Hoskins operated a vehicle while intoxicated and in a manner that endangered a person (Count I) and that she operated a vehicle with an alcohol concentration of at least .15 gram of alcohol per two-hundred ten liters of breath (Count II). Trooper Mitchell's testimony that Hoskins almost hit his car head-on. Hoskins admitted to drinking that night, her speech was slurred, she mumbled to Trooper Hoskins, she had red, glassy eyes, and exhibited poor dexterity. Hoskins also failed a HGN sobriety test. The results of a certified breath test

showed Hoskins had an alcohol concentration level of .18. This evidence supports a finding that Hoskins operated the vehicle while intoxicated and in a manner that endangered a person. With regard to Count II, the State submitted the results of the certified breath test that indicated Hoskins operated the vehicle with .18 gram of alcohol per two-hundred ten liters of breath. After Hoskins pulled into the vacant lot, she decided to continue driving and exited the lot and headed eastbound on 38th Street. Hoskins stipulated to the felony enhancement of having a prior conviction for operating a vehicle while intoxicated within five years preceding the instant offenses. The State's evidence is sufficient to support Hoskins's convictions.

[14] Judgment affirmed.

Kirsch, J., and Crone, J., concur.