## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Dec 18 2017, 11:09 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Jennifer G. Schlegelmilch
Lawrence County
Public Defender Agency
Bedford, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Katherine Cooper
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| In Re: The Matter of D.A. a Child Alleged to be a Delinquent Child, <br><br> *Appellant-Respondent,* <br><br> v. <br><br> State of Indiana, <br><br> *Appellee-Petitioner.* | December 18, 2017 <br><br> Court of Appeals Case No. 47A01-1705-JV-1109 <br><br> Appeal from the Lawrence Circuit Court <br><br> The Honorable Andrea McCord, Judge <br><br> Trial Court Cause No. 47C01-1608-JD-266 |

**Bradford, Judge.**

# Case Summary

Appellant-Respondent D.A. was adjudicated to be a delinquent child for committing what would be Class A misdemeanor criminal trespass if committed by an adult. The juvenile court, following a hearing, ordered D.A. to pay restitution. D.A. argues that the trial court abused its discretion when it found that he had the ability to pay restitution. Concluding there is sufficient evidence, we affirm.

# Facts and Procedural History

On January 23, 2017, D.A. admitted to the allegations that formed the basis for an act that would be Class A misdemeanor criminal trespass if committed by an adult, and the State dismissed the allegations that formed the basis for an act that would be Level 6 felony auto theft if committed by an adult. On April 20, 2017, the juvenile court held a restitution hearing in which Shelby Pritchett testified that her car had been stolen and that items from her vehicle were missing when her vehicle was returned to her. According to Pritchett's testimony, the missing items consisted of CDs, shoes, a phone charger, and various charms and trinkets. The State also presented evidence that it would cost Pritchett $363 to replace the missing items.

D.A. also testified during the hearing. In his testimony, D.A. told the juvenile court that he was sixteen years old and lived at the Jackson County Juvenile Home. D.A. stated that he did not have a job, was completing his GED, and

expected to take the GED test in four or five months. D.A. further testified that he did not own any property in the form of bank accounts, a vehicle, a house, jewelry, or stocks and bonds. After hearing the evidence, the juvenile court ordered D.A. to pay restitution in the amount of $363.

# Discussion and Decision

[4] D.A. raises the following restated issue on appeal: whether the juvenile court abused its discretion when it ordered him to pay restitution.[1] Specifically, D.A. asserts that the evidence did not show that he had an ability to pay the restitution. An order of restitution is a matter well within the juvenile court's discretion. *T.C. v. State*, 839 N.E.2d 1222, 1225 (Ind. Ct. App. 2005). An abuse of discretion occurs when the juvenile court's action is clearly erroneous and against the logic and effect of the facts and circumstances before the court, or the reasonable, probable, and actual deductions to be drawn therefrom. *C.C. v. State*, 831 N.E.2d 215, 217 (Ind. Ct. App. 2005).

[5] Indiana Code § 31-37-19-5(b)(4) provides that the trial court may order a juvenile delinquent to pay restitution if the victim provides reasonable evidence of the victim's loss, which the child may challenge at the dispositional hearing. "Unlike Indiana Code Section 35-38-2-2.3, which governs restitution in the

---

[1] D.A. also argues for the first time on appeal that the victim's loss was not a result of his criminal trespass. *See* Indiana Code § 35-50-5-3(a). He did not raise this issue at the juvenile court thereby waiving it for appellate review. *See Veerkamp v. State*, 7 N.E.3d 390, 395 (Ind. Ct. App. 2014).

context of adult offenders, there is no express statutory requirement that the trial court inquire whether a juvenile offender has the ability to pay before ordering restitution." *T.C.*, 839 N.E.2d at 1224. However, this court has held that "equal protection and fundamental fairness concerns require that a juvenile court must inquire into a juvenile's ability to pay before the court can order restitution as a condition of probation." *M.L. v. State*, 838 N.E.2d 525, 527 (Ind. Ct. App. 2005).

[6] Here, the juvenile court did inquire into D.A.'s ability to pay during a hearing. After hearing all of the evidence, including D.A.'s own testimony, the juvenile court made specific findings with respect to D.A.'s ability to pay:

> [T]his child is a member and participant in the Juvenile Problem Solving Court. This child will be on probation for a lengthy period of time. This Court monitors this child's progress on a weekly basis at Problem Solving Court staffing. The Court is aware of where this child has been placed because this court placed this child there. This court is also aware that this child has been ordered to find a job while he's in the Jackson County Group Home. So, I'm not ordering this child to pay the three-hundred-and-sixty-three dollars ($363.00) right now, but I am certainly ordering him to find a job and pay the three-hundred-and-sixty-three dollars ($363.00) in restitution before he is done with probation and that is a condition of his probation.

Tr. Vol. II p. 17.

[7] In fact, at the time of the hearing, D.A. testified that he was in the process of applying for jobs. Furthermore, D.A. did not present any evidence that he suffered from any physical, mental, or emotional disability that would prevent

him from obtaining employment. Based on all of the evidence presented during the hearing, there was sufficient evidence for the trial to conclude that D.A. had an ability to pay. Consequently, the juvenile court did not abuse its discretion when it found that D.A. had an ability to pay the restitution.

[8] The judgment of the juvenile court is affirmed.

Riley, J., and Pyle, J., concur.