WHITECO INDUSTRIES, INC.,
Appellant (Defendant Below),

v.

Joe J. NICKOLICK and Mary A. Nickolick, Appellees (Plaintiffs Below).

No. 82A04–8907–CV–284.

Court of Appeals of Indiana,
Fourth District.

Feb. 7, 1990.

Fred M. Cuppy, Kathryn D. Schmidt, Burke, Murphy, Costanza & Cuppy, Merrillville, for appellant.

F. Wesley Bowers, David V. Miller, R. Jeff Dodson, Bowers, Harrison, Kent & Miller, Evansville, for appellees.

CONOVER, Judge.

Defendant–Appellant Whiteco Industries, Inc. takes this interlocutory appeal under Ind. Appellate Rule 4(B)(3) from the entry of a preliminary injunction in favor of Plaintiffs–Appellees Joe A. and Mary A. Nickolick which prevents Whiteco from exercising an option to purchase a Ramada Inn in Vanderburgh County.

This appeal presents the following issues:

Whether the trial court erred

1. by granting a preliminary injunction without entering findings of fact and conclusions of law as required by Ind. Trial Rules 52(A) and 65(D),

2. by failing to consider the issue of a security deposit therefor, as required by the Indiana Trial Rules, and

3. by granting the preliminary injunction when the evidence was insufficient to warrant such action.

The Nickolicks are sublessors of land in Vanderburgh County upon which sits a Ramada Inn, Whiteco is their sublessee. It operates the Inn under a sublease between them. The sublease grants Whiteco an option to purchase the Inn after the eleventh lease year "upon a default by Tenant [Whiteco] and upon the requisite notice having

been given to Tenant[.]" (R. 124) The sublease has been in existence for more than eleven years.

Whiteco failed to make the fixed rental payment due the Nickolicks on May 1, 1989, which constitutes a default of Tenant under Section 18.0(g) of the contract. (R. 121) Otherwise, there have been no other tenant defaults. On May 9, 1989, the Nickolicks notified Whiteco, by an Express Mail letter "the rental has not been paid" and further asked it to "do whatever was necessary to cause payment to be made as promptly as possible." (R. 149) Considering the Nickolicks' letter written notice of the default, as required by the option provisions, Whiteco determined to exercise its option and notified the Nickolicks by certified mail it had appointed an appraiser under Section 18.8 of the contract.

The Nickolicks filed suit two days after receiving Whiteco's certified letter for unpaid rent, attorneys fees, declaratory judgment, and a preliminary injunction to maintain the status quo until the cause could be heard on the merits. After hearing, the trial court entered a preliminary injunction without entering findings of fact and conclusions of law, as required by T.R. 52(A) and 65(D).

Whiteco appeals.

## I

The trial court's failure to enter findings of fact and conclusions of law is error. *Teperich v. North Judson–San Pierre H.S. Building Corp.* (1971), 257 Ind. 516, 275 N.E.2d 814, 817, *cert. denied*, 407 U.S. 921, 92 S.Ct. 2462, 32 L.Ed.2d 806. The only question is whether it is reversible error, i.e., was it harmful or prejudicial to appellant? *Teperich*, 275 N.E.2d at 817.

Whiteco argues the trial court's failure in this regard constitutes reversible error. Without the entry of findings of fact and conclusions of law by the trial court, Whiteco is denied a full and comprehensive review of the issues it raises on appeal, it asserts. To the contrary, the Nickolicks contend the error is harmless because this court has before it all it needs to afford appellant a full review of the proceedings

below, namely, all the facts stipulated by the parties, and all the joint exhibits admitted below. Remand for findings of fact and conclusions of law would not promote "judicial economy" they suggest. We disagree with the Nickolicks.

■ The granting of a preliminary injunction rests in the sound discretion of the trial court. The exercise thereof will not be interfered with unless it is shown such action is arbitrary or constitutes a clear abuse of discretion. *Rosenburg v. Village Shopping Center, Inc.* (1968), 251 Ind. 1, 238 N.E.2d 642, 650; *Ind. State Dept. of Welfare v. Stagner* (1980), Ind.App., 410 N.E.2d 1348, 1353. *Stagner* discussed the measure by which the trial court's action in granting or denying a preliminary injunction is judged on appeal. There it was said:

Discretion to grant or deny preliminary injunction relief is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; (2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; (4) whether, by the grant of the preliminary injunction, the public interest would be disserved. (Citing cases.)

*Stagner*, 410 N.E.2d at 1353. If the trial court reasonably finds the affirmative as to the first three and the negative as to the last of these criteria, the trial court's grant of preliminary injunction constitutes a reasonable exercise of discretion and will be affirmed on appeal. However, if the plaintiff fails to prove any one or more of those requirements, the trial court's grant thereof is an abuse of discretion requiring reversal.

■ Admitting, in effect, the trial court's failure to enter findings of fact and conclusions of law in this situation was error, the Nickolicks argue there is enough stipulated

evidence in this record for us to review this case on its merits, and "judicial economy" dictates we do so. We disagree. The trial court's failure to enter findings of fact and conclusions of law in this case requires reversal.

The term "judicial economy" means the efficient and concise use of judicial time and effort in the administration of justice. As applied to cases involving the mandatory provisions of T.R.'s 52 and 65, and others requiring entry by trial courts of written findings of fact and conclusions of law, the term includes the time and effort expended by both the trial and appellate courts as an integrated whole, not the time and effort of one class of court alone. Each has its own duties and authority which, when exercised as provided by law, statute, and the rules of procedure combine to produce as thorough and expeditious an administration of justice as is consistent with the system of government we have adopted as a people.

There can be no doubt as to the division of responsibility and authority between trial and appellate courts. The trial courts of this state exclusively hear and weigh the evidence and inferences arising therefrom, and assess the credibility of witnesses, to determine the facts prior to entering judgment or taking other action. Courts of appeal have no such authority. We merely review questions of law and the overall sufficiency of the evidence as a matter of law. In that context, it is clear our supreme court made compliance with T.R.'s 52(A) and 65(D) mandatory to promote judicial economy and to further the interests of justice where delicate and intricate factual questions such as whether or not a preliminary injunction should issue in a given case is involved.

While it is true as the Nickolicks suggest, the courts on appeal have reviewed the merits in cases such as *Teperich, supra; Hatcher v. Graddick* (1987), Ind.App., 509 N.E.2d 258; and *Sanders v. Sanders* (1983), Ind.App., 452 N.E.2d 1057, without the trial courts having entered findings of fact and conclusions of law as required, the narrow basis upon which review was granted in those cases must be clearly recognized.[1] Review on the merits in such cases can be granted only when the facts are simple and uncontested, and only a question of law is presented for review. We do not have such a case here. In the first instance, the facts are not simple and essential facts do not appear of record. Thus, review on the merits as to some issues is precluded.

The real estate and the Inn constructed upon it have been the subjects of at least two subleases since 1975. The original parties who executed the Inn's sublease are not the parties now claiming interests therein. There have been many transfers and assignments of interest, corporate name changes, mergers, and liquidations since its original execution. The sublease of concern here provides for notices of default or termination to be served upon parties who are no longer interested parties because of the changes, mergers, transfers, etc. mentioned above.

---

1. The appeal of a case where entry of written findings of fact and conclusions of law by the trial court is required by rule or statute where none have been entered is a process fraught with danger. Review on the merits in such cases is not guaranteed. In such appeals, review is largely a matter of judicial largess. It requires a tedious page by page review of the evidence by the appellate court, a needless duplication of the trial court's effort in finding the facts below as a condition of entering judgment or taking other action, here, the entry of a preliminary injunction. Hoping the court on appeal will determine (a) the facts are simple and uncontested, and (b) only a question of law remains for review seems a risk not worth taking. Considering the inordinate amount of time expended in the preparation and filing of a record and briefs on appeal as opposed to the time expended in preparing proposed findings of fact and conclusions of law while the evidence is currently in mind, reason dictates the latter to be the more prudent course of action for litigants who foresee an impending appeal. We judicially know trial courts customarily order the parties to submit proposed findings of fact and conclusions of law for the court's consideration in cases such as this, or the parties without prompting do so voluntarily. Such submittals ease the trial court's burden, review on the merits is guaranteed, and in the broad view, the ends of justice are served as to all parties concerned.

To name but one unresolved factual problem, there is no evidence or inference in this record of any written or oral modifications or modification by conduct of the parties to the sublease which has modified performance under this or any other provision recited in the sublease. Without the trial court's written findings of fact and conclusions of law sorting out the complicated transactions by which the parties to this litigation acquired their respective interests and its factual insight on the modification question, a mixed question of law and fact, it is impossible for us to review the question of whether plaintiffs below demonstrated a likelihood they would recover in a trial on the merits. Thus, Whiteco is denied a full review on the merits. For this reason alone we would reverse and order the preliminary injunction dissolved. However, there is more.

## II

■ This record clearly demonstrates (a) the Nickolicks would have suffered mere economic injury if the preliminary injunction had not issued, and (b) they have an adequate remedy at law. Thus, the trial court abused its discretion by issuing the preliminary injunction.

■ Under the sublease in the event of default by the Tenant, the Landlord may terminate the lease and recover the lease's subject matter, the Inn, a property of presumably substantial value.[2] If Landlord does not terminate the sublease, either (a) they continue collecting the rents provided under the sublease, or (b) they will be paid the fair market value of the property under the Special Option to Purchase granted Tenant under Sec. 18.8. Even if they claim greater value is denied them, economic injury only is involved. Further, the cost of the appraiser they may name under Sec. 18.8 to protect their interests is economic damage only. Mere economic injury will not warrant the granting of a preliminary injunction. *Wells v. Auberry* (1982), Ind. App., 429 N.E.2d 679, 684.

Finally, two days after receiving Whiteco's letter purportedly exercising its option under Sec. 18.8, the Nickolicks filed suit for unpaid rent, attorney fees, declaratory judgment, and a preliminary injunction. The trial court's declaration of the parties' contractual rights ultimately will resolve all the issues between the parties. There are no equitable issues involved in this purely contractual dispute. Thus, the Nickolicks have an adequate remedy at law. A preliminary injunction cannot be granted where the law provides a full, adequate, and complete method of redress. *Wells*, 429 N.E.2d at 683.

For these additional reasons, we find the trial court improvidently exercised its discretion in issuing the preliminary injunction.

Reversed and remanded with instructions to dissolve the preliminary injunction, and for further proceedings consistent with this opinion.

CHEZEM, P.J., concurs in result.

GARRARD, P.J., concurs with separate opinion.

GARRARD, Presiding Judge, concurring.

I concur with the majority's determination that the failure to enter special findings constitutes reversible error.

However, I would defer assessing the adequacy of the remedy at law until that question is developed by the evidence and the findings of the trial court.

---

**2.** Sec. 19.10 of the sublease grants an option to purchase during year 8 for $10,429,000, or year 9 for $11,133,000. This controversy arose in year 11.