**XANTECH CORPORATION,**
Appellant–Defendant,

v.

**RAMCO INDUSTRIES, INC.,**
Appellee–Plaintiff,

Society National Bank, Indiana,
Appellee–Defendant.

No. 20A04–9409–CV–346.

Court of Appeals of Indiana,
Fourth District.

Nov. 30, 1994.

Karen S. Dickson, Margot F. Reagan, Konopa & Murphy, South Bend, for appellant.

Stephen R. Bowers, Elkhart, for appellee.

## OPINION

RATLIFF, Senior Judge.

### STATEMENT OF THE CASE

Xantech Corporation appeals from the trial court's grant of Ramco Industries' request for a preliminary injunction against Society National Bank.

We reverse and remand.

### ISSUE

Did the trial court err in granting Ramco's request for a preliminary injunction?

### FACTS

On February 15, 1990, Xantech entered into a contract with Ramco [1] for the sale of certain of its assets to Ramco. The purchase price was partially secured by an irrevocable standby letter of credit drawn on Society National Bank's predecessor, Ameritrust National Bank. [2] The letter of credit was issued to Xantech.

A dispute regarding the purchase of Xantech's assets arose between Xantech and Ramco on or about December 20, 1993. As a result of the dispute, Xantech notified Ramco that it was in default on the contract. When Ramco failed to cure the default, Xantech attempted to draw approximately $45,000.00 on the letter of credit.

In the meantime, Ramco filed a request for a preliminary injunction against Society seeking to enjoin Society from disbursing funds to Xantech pursuant to the letter of credit. Ramco did not include Xantech in this action. On March 15, 1994, the trial court entered findings of fact and conclusions of law and issued a temporary restraining order against Society. On March 24, 1994, the trial court apparently conducted a hearing, then entered findings of fact and conclusions of law and issued a preliminary injunction against Society.

On or about April 12, 1994, Society informed Xantech that it could not honor Xantech's request to draw on the letter of credit because of the existence of the preliminary injunction. On May 9, 1994, Xantech filed a motion to intervene and a motion to vacate the preliminary injunction. The trial court permitted Xantech to intervene and held a hearing on Xantech's motion to vacate. After taking the case under advisement, the trial court found that it would be inappropriate to dissolve the preliminary injunction and ordered that "the funds remain undisbursed and in Elkhart County pending further hearing." R. at 175. Xantech now appeals from the denial of its motion to vacate the preliminary injunction. Society declined to file an appellate brief. Additional facts are stated in our discussion of the issue.

### DECISION

■ Xantech claims the trial court erred in entering the preliminary injunction against Society which prevents it from disbursing money to Xantech pursuant to the letter of credit. The granting of a preliminary injunction rests in the sound discretion of the trial court. The exercise thereof will not be interfered with unless it is shown such action is arbitrary or constitutes a clear abuse of discretion. *Whiteco Industries, Inc. v. Nickolick* (1990), Ind.App., 549 N.E.2d 396, 397.

In support of its allegation, Xantech first claims to be an adverse party. As such,

---

1. In actuality, the contract was entered into by Xantech Corporation and Ramco's predecessor in interest.

2. In *All Season Ind. v. Tresfjord Boats A/S* (1990), Ind.App., 563 N.E.2d 174, 176, we explained letters of credit:

   "A letter of credit is an engagement by a bank or other issuer whereby the bank agrees at the request of a customer to honor demands for payment which comply with the terms specified in the letter of credit. There are three parties to a letter of credit: (1) the 'customer,' the party requesting that the credit be issued ...; (2) the 'issuer,' the party issuing the credit ...; and (3) the 'beneficiary,' the party authorized under the terms of the credit to draw or demand payment."

   (citations omitted). Here, Ramco is the "customer," Society Bank is the "issuer," and Xantech is the "beneficiary."

Xantech argues, it should have been joined in Ramco's injunction proceedings pursuant to Ind.Trial Rule 65(A)(1) which provides:

> "No preliminary injunction shall be issued without an opportunity for a hearing upon notice to the adverse party."

Moreover, because it was wrongly excluded from the proceedings, Xantech posits, the "real" hearing on the preliminary injunction did not take place until the trial court heard its motion to vacate the preliminary injunction. Thus, because the trial court failed to make findings of fact in its order denying Xantech's motion as required by Ind.Trial Rule 65(D) and Ind.Trial Rule 52(A), Xantech argues that the preliminary injunction should be vacated.[3]

■ We need not address these procedural arguments, however, because it is apparent from the record that the dispute between Xantech and Ramco involves the contract for the sale of Xantech's assets, as opposed to a dispute over the letter of credit itself.

Apparently, in late 1993, Xantech and Ramco modified their contract. Xantech agreed to reduce the purchase price of the assets by approximately $45,000.00, and Ramco agreed to pay off the reduced balance immediately in cash. Xantech also agreed to release its security interest in some of Ramco's assets. The dispute arose when Xantech discovered that Ramco had sold all of its assets before paying Xantech. Also, Ramco never followed through with the modification acknowledgement procedures as required by Xantech. Ramco paid the modified purchase price by check in late December 1993, but never made any more payments to Xantech. Xantech finally cashed Ramco's check in the Spring of 1994, under a reservation of rights. It notified Ramco of its default on the original contract, and sought to draw some $45,-000.00 on the letter of credit issued by Society.

In its motion for a preliminary injunction, Ramco claimed "[t]hat Xantech Corporation is attempting to perpetuate a fraud by demanding payment under the Irrevocable Letter of Credit when payment in fact has been made in full by reason of the accord and satisfaction between Xantech Corporation and Ramco Industries, Inc." R. at 9. Of course, in its motion to vacate the preliminary injunction and at the hearing, Xantech denied any fraudulent activity.

■ In *All Season Ind. v. Tresfjord Boats A/S* (1990), Ind.App., 563 N.E.2d 174, we considered allegations of fraud with respect to letters of credit:

> "Letters of credit are unique financing arrangements ... because the letter of credit is independent of the underlying contract. See, *Pringle Associated Mortgage Corp. v. Southern Nat'l Bank* (5th Cir. 1978) 571 F.2d 871. Under a letter of credit, the issuing bank must pay drafts or demands for payment which comply with the terms of the credit, regardless of any breach of the underlying contract between the customer and the beneficiary. I.C. 26–1–5–114(1). White & Summers, 2 *Uniform Commercial Code* § 19–2 at 8 (3d Ed.1988); Dolan, *The Law of Letters of Credit,* para. 201, para. 4.03[6][a] (1984). In keeping with the goal of facilitating international trade, this principle of independence assures the beneficiary of prompt payment from a solvent party and minimizes the risk of judicial interference and litigation in a foreign jurisdiction. *See Banque Worms v. Banque Commerciale Privee* (S.D.N.Y.1988) 679 F.Supp. 1173, aff'd (2nd Cir.), 849 F.2d 787.
>
> "Indiana Code 26–1–5–114 sets forth a limited exception to the issuer's duty to honor drafts or demands for payment which comply with the terms of the credit. That statute provides in relevant part:
>
> > (2) Unless otherwise agreed, when documents appear on their face to comply with the terms of the credit but a required document does not in fact conform to the warranties made on negotiation or transfer of a document of title

---

3. T.R. 65(D) provides:
    "Every order granting temporary injunction and every restraining order shall include or be accompanied by findings as required by Rule 52...."

T.R. 52(A)(1) provides:
    "The court shall make special findings of fact without request
       (1) in granting or refusing preliminary injunctions."

(IC 26–1–7–507) or of a certified security (IC 26–1–8–306), or is forged or fraudulent, or there is fraud in the transaction: (a) The issuer must honor the draft or demand for payment if honor is demanded by a negotiating bank or other holder of the draft or demand which has taken the draft or demand under the credit and under circumstances which would make it a holder in due course (IC 26–1–3–302) and in an appropriate case would make it a person to whom a document of title has been duly negotiated (IC 26–1–7–502) or a bona fide purchaser of a certificated security (IC 26–1–8–302); and

(b) In all other cases as against its customer, an issuer acting in good faith may honor the draft or demand for payment despite notification from the customer of fraud, forgery, or other defect not apparent on the face of the documents, *but a court of appropriate jurisdiction may enjoin such honor.* (Emphasis supplied.)

"Therefore, when a document appears on its face to conform with the terms of the credit, but the document does not in fact conform to the necessary warranties or is forged or fraudulent or there is fraud in the transaction, an issuer acting in good faith, may, without liability to the customer, honor the draft, or a customer may seek to enjoin the issuer from paying the draft.

    *     *     *     *     *     *

"We note that some authorities have argued that the 'fraud in the transaction' exception should be limited to cases of fraud in the credit transaction and not the underlying transaction. Dolan, *The Law of Letters of Credit*, para. 7.04[3][b]; Harfield, *Enjoining Letter of Credit Transactions*, 95 Banking L.J. 596 (1978). These authorities maintain that a limited approach more closely serves the independent nature of letter of credit transactions. We agree with this approach but need not do so to resolve the issues here."

*Id.* at 177–8. We agree with the reasoning and analysis in *All Season* and find that the "fraud in the transaction" exception described in I.C. 26–1–5–114 applies only to those circumstances where a fraudulent credit transaction is alleged, as opposed to fraud in the underlying contract. The facts in this case, however, indicate that the alleged fraud arose out of the 1993 modification of the contract for the sale of Xantech's assets to Ramco. There is no allegation, and no evidence, of fraud in the 1990 transaction for the letter of credit. Thus, the circumstances here do not fall within the fraud exception outlined in I.C. 26–1–5–114, and the trial court abused its discretion in enjoining Society from honoring Xantech's request to draw on the letter of credit.

■ In any case, discretion to grant or deny preliminary injunctive relief is measured by several factors: (1) whether the plaintiff's remedies at law are inadequate thus causing irreparable harm pending the resolution of the substantive action if the injunction does not issue; (2) whether the plaintiff has demonstrated at least a reasonable likelihood of success at trial by establishing a prima facie case; (3) whether the threatened injury to the plaintiff outweighs the threatened harm the grant of the injunction may inflict on the defendant; and (4) whether, by the grant of the preliminary injunction, the public interest would be disserved. *Whiteco, supra.* If the plaintiff fails to prove any one or more of those requirements, the trial court's grant thereof is an abuse of discretion requiring reversal. *Id.*

■ Here, Ramco has failed to prove that its remedy at law is inadequate. As noted, it is clear the dispute revolves around whether there has been a modification of the underlying contract for the sale of Xantech's assets to Ramco, and whether Ramco has satisfied the contract. Thus, any injury Ramco may sustain should Xantech draw on the letter of credit will be economic in nature. Mere economic injury will not warrant the granting of a preliminary injunction. *Wells v. Auberry* (1982), Ind.App., 429 N.E.2d 679, 684. Moreover, because its potential injury is economic, Ramco has an adequate remedy at law. A preliminary injunction cannot be granted where the law provides a full, adequate, and complete meth-

od of redress. *Id.* at 683. Thus, because Ramco failed to prove its remedies at law to be inadequate, we find the trial court abused its discretion in granting Ramco's request for a preliminary injunction against Society. Accordingly, we reverse the trial court's denial of Xantech's motion to vacate, and remand with instructions to dissolve the preliminary injunction.

Reversed and remanded.

SHARPNACK, C.J., and RILEY, J., concur.