## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Aug 21 2017, 5:37 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Karen A. Wyle
Bloomington, Indiana

ATTORNEYS FOR APPELLEE

Seth M. Lahn
Indiana University Maurer
School of Law

Lisa La Fornara
Certified Legal Intern
Bloomington, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.C.,<br>*Appellant-Respondent,*<br><br>v.<br><br>K.W.,<br>*Appellee-Petitioner.* | August 21, 2017<br><br>Court of Appeals Case No.<br>53A01-1703-PO-595<br><br>Appeal from the Monroe Circuit Court<br><br>The Honorable Valeri Haughton, Judge<br><br>Trial Court Cause No.<br>53C08-1612-PO-2517 |

**Najam, Judge.**

## Statement of the Case

D.C. appeals the trial court's issuance of an order for protection on behalf of K.W. D.C. raises two issues for our review, which we consolidate and restate as whether D.C. preserved for appellate review his argument that the trial court erroneously denied him the opportunity to cross-examine K.W. at the hearing on her petition for an order for protection. We hold that D.C. did not preserve this issue for appellate review, and, as such, we affirm.

## Facts and Procedural History

On December 9, 2016, K.W. filed a petition for an order for protection against D.C. In her petition, K.W. alleged that she had been a victim of domestic or family violence and a victim of stalking. She also detailed five different incidents involving D.C. that she alleged supported the issuance of the order. On December 12, the trial court issued an ex parte order for protection against D.C. On January 11, 2017, D.C. objected to the issuance of the court order and requested a hearing on the petition.

The court held a hearing on K.W.'s petition on February 15, 2017. K.W. and D.C. each appeared at that hearing, and D.C. appeared *pro se*. K.W. testified on her own behalf. In her testimony, K.W. detailed several incidents in which D.C., with whom she had had a prior relationship, had been "[a]busive," "threatening," and "possessive." Tr. at 8. K.W.'s descriptions included physical and mental abuse and discussed incidents at her home and her place of employment. She also described incidents of stalking that left her "hysterical"

and eventually resulted in her being diagnosed with "post-traumatic stress." *Id.* at 13-14.

[4] At the conclusion of K.W.'s testimony, the trial court stated as follows to D.C.: "Ordinarily, I would say this is your time to cross examine . . . , but I think[,] rather than doing that, under the circumstances I'm going to have you simply make a statement when it comes time to do that." *Id.* at 24. D.C. did not object but, instead, responded, "[o]kay." *Id.* The court then excused K.W. K.W. called two more witnesses in support of her petition.

[5] Upon the close of K.W.'s case in chief, D.C. engaged the court in the following colloquy:

> [D.C.]: I would like to ask direct questions to [K.W.]
>
> THE COURT: I would prefer, rather than asking questions, because quite frankly, given the nature . . . of the issue before the Court, I'd prefer that you simply recite or relate to the Court your perspective. Okay?
>
> [D.C.]: Okay. . . .

*Id.* at 33-34.[1]  D.C. then testified to the court and generally disputed K.W.'s allegations.  Following the hearing, the trial court issued an order for protection for K.W. and against D.C.[2]  This appeal ensued.

# Discussion and Decision

[6]  D.C. appeals the order for protection.  On appeal, he asserts that the trial court erred when it denied him the opportunity to cross-examine K.W.  But we hold that D.C. has not preserved that issue for appellate review.

[7]  As the Indiana Supreme Court has made clear:  "[o]ur courts have long held that[,] where a defendant fails to object or otherwise challenge" a court's comments or the admission of evidence, "any alleged error is waived on

---

[1] D.C. then stated that he had a "counterclaim" against K.W., but the trial court stopped D.C. "to admonish [him]" that he could "go [a]head and tell . . . in your own words[] what you feel" but that it is "not a counterclaim." Tr. at 34.  On appeal, D.C. asserts that, in giving him that admonishment, the trial court "cut [him] off when he attempted to explain what he believed to be K.W.'s motives for seeking the protective order and the extent to which her testimony had been exaggerated." Appellant's Br. at 6.  We reject D.C.'s reading of the trial court's admonishment.

[2] In a footnote in his brief, D.C. states as follows:

> The order at issue states that it does not protect an intimate partner or child, which would bring 18 U.S.C. § 922(g)(8) into play, and that D.C. is not Brady disqualified.  However, in a section headed "WARNINGS TO RESPONDENT/DEFENDANT," it states that "[f]ederal law provides penalties for possessing, transporting, shipping, or receiving any firearm or ammunition," citing 18 U.S.C. § 922(g)(8).  The order is thus ambiguous as to whether D.C.'s rights under the Eighth Amendment of the U.S. Constitution and Article I, § 32 of the Indiana Constitution are affected.

Appellant's Br. at 7-8 n.5 (citations to the record omitted; alteration in original).  First, we surmise that D.C.'s reference to the Eighth Amendment should be a reference to the Second Amendment.  Second, we reject D.C.'s assertion that the order is ambiguous.  In the notice section, the order plainly states that 18 U.S.C. § 922(g)(8) applies only "if" the protected person is found to be a current or former person with whom the respondent resided while in an intimate relationship.  Appellant's App. at 7.  While the trial court could have found that to be the case on this record, the court instead found, as it stated earlier in the order, that the order "does not protect an intimate partner." *Id.* at 6.  K.W. does not challenge that finding on appeal and, as such, the order's subsequent advisement regarding 18 U.S.C. § 922(g)(8) does not apply to D.C.

appeal." *Blaize v. State*, 51 N.E.3d 97, 102 (Ind. 2016) (internal quotation marks and alterations omitted); *Sampson v. State*, 38 N.E.3d 985, 992 (Ind. 2015). And, as we have explained:

> This rule exists because trial courts have the authority to hear and weigh the evidence, to judge the credibility of witnesses, to apply the law to the facts found, and to decide questions raised by the parties. *See Whiteco Indus., Inc. v. Nickolick*, 549 N.E.2d 396, 398 (Ind. Ct. App. 1990). Appellate courts, on the other hand, have the authority to review questions of law and to judge the sufficiency of the evidence supporting a decision. *Id.* *The rule of waiver in part protects the integrity of the trial court; it cannot be found to have erred as to an issue or argument that it never had an opportunity to consider*. Conversely, an intermediate court of appeals, for the most part, is not the forum for the initial decisions in a case . . . .

*GKC Ind. Theatres, Inc. v. Elk Retail Investors, LLC*, 764 N.E.2d 647, 652 (Ind. Ct. App. 2002) (emphasis added).

[8]     Here, the record is clear that D.C. never put the issue he raises on appeal before the trial court. When, following K.W.'s testimony, the court informed D.C. that the court thought it prudent to forego cross-examination of K.W. by D.C. and instead to have D.C. subsequently make his own statement, D.C. did not object or in any other way express any concern regarding any rights he may have had to subject K.W. to cross-examination. Rather, D.C. affirmatively assented to the court's recommended procedure when he responded, "[o]kay." Tr. at 24.

[9]     D.C. asserts on appeal that he objected at the close of K.W.'s case-in-chief, when he stated he wanted to "ask direct questions to [K.W.]"  Tr. at 33.  But this was not presented as an objection to the procedure that the court had already announced.  And, when following D.C.'s comment, the court reiterated its prior statement on how to proceed, D.C. again expressed his affirmative assent to that procedure by saying "[o]kay."  *Id.* at 34.

[10]    At no point did D.C. object to the trial court's stated procedure.  Neither did he assert a right to personally cross-examine K.W. or the basis for such a right.  In other words, at no point did D.C. put before the trial court the issue he raises on appeal.  Instead, he twice accepted the trial court's explanation of the procedure to be followed.  Thus, D.C. waived any objection he may have had or asserted.

[11]    "It is axiomatic that failing to object" to a trial court ruling "waives appellate review of any claim of error" to that ruling on appeal.  *Iddings v. State*, 772 N.E.3d 1006, 1014 (Ind. Ct. App. 2002), *trans. denied*.  We will not say that the trial court erred on an issue it was never asked to consider.[3]  *GKC Ind. Theaters, Inc.*, 764 N.E.2d at 652.  Accordingly, we hold that D.C. has not preserved the issue he raises on appeal for appellate review, and we affirm the trial court's judgment.

[12]    Affirmed.

---

[3] Moreover, the fundamental error doctrine does not apply where, as here, the party affirmatively assented in the trial court to the now-challenged procedure.  *See Halliburton v. State*, 1 N.E.3d 670, 677 (Ind. 2013).

Kirsch, J., and Brown, J., concur.