# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

09/12/2017, 10:32 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANTS

A. David Hutson
Hutson Legal
Jeffersonville, Indiana

ATTORNEY FOR APPELLEES

James F. Guilfoyle
Guilfoyle Law Office
Jeffersonville, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

Wyoming Pharmacies, LLC d/b/a Kentuckiana Pharmacy, Dr. Assad Nasr, and Dr. Erin Morsey,

*Appellants-Defendants,*

v.

Crosses Enterprises, LLC and Dr. Rafael Cruz,

*Appellees-Plaintiffs.*

September 12, 2017

Court of Appeals Case No. 10A01-1703-MI-514

Appeal from the Clark Circuit Court

The Honorable Andrew Adams, Judge

Trial Court Cause No. 10C01-1701-MI-6

**Najam, Judge.**

# Statement of the Case

Wyoming Pharmacies, doing business as Kentuckiana Pharmacy; Dr. Assad Nasr; and Dr. Erin Morsey (collectively "Kentuckiana Pharmacy") bring this interlocutory appeal as of right following the trial court's issuance of a preliminary injunction that prohibited Kentuckiana Pharmacy from relocating its business pending resolution of the case. Kentuckiana Pharmacy raises one issue on appeal, namely, whether the trial court abused its discretion when it issued the preliminary injunction without providing sufficient findings of fact and conclusions thereon.

We reverse and remand for further proceedings.

# Facts and Procedural History

Dr. Rafael Cruz is a physician and the sole member of Crosses Enterprises, LLC (collectively "Crosses Enterprises"), which had leased office space for Dr. Cruz's medical practice. Drs. Nasr and Morsey are pharmacists. On July 18, 2014, Crosses Enterprises, through Dr. Cruz, offered Dr. Nasr the use of empty office space in the same building as his medical practice to use as a pharmacy. On July 25, Drs. Cruz, Nasr, and Morsey formed Kentuckiana Pharmacy, a Wyoming limited liability company, that operated out of Crosses Enterprises' office space. On August 4, Kentuckiana Pharmacy obtained its Certificate of Authority from the Indiana Secretary of State's office.

On November 6, the parties signed an operating agreement. Pursuant to that agreement, all three individuals each "own 33.3%" of Kentuckiana Pharmacy

and will each receive "a 33.3% share of the profits." Appellant's App. Vol. II at 65. The operating agreement also provided that the members agreed to divide the profits "three or four times a year depending on cash flow" and that "[a]ll partners will have equal access to the 'books' and any financial information pertaining to the operations of all the pharmacies." *Id.* The pharmacy began operations in June 2015.

[5] At the end of the year, Dr. Nasr met with his accountant to begin preparing his taxes. The accountant informed Dr. Nasr that Kentuckiana Pharmacy was registered with the IRS as a single-member limited liability company ("LLC") instead of a multi-member LLC. On the advice of Dr. Nasr's accountant, Dr. Nasr presented a resolution to Drs. Cruz and Morsey that would remove Drs. Cruz and Morsey as members of Kentuckiana Pharmacy. Drs. Nasr and Morsey signed the document. Dr. Cruz's signature appears on the document but the parties contest whether he actually signed it.

[6] On July 20, 2016, Drs. Cruz and Nasr put in an offer to buy a piece of property for the pharmacy, but the deal did not go through. On December 26, Dr. Nasr individually executed a lease agreement for a new location for Kentuckiana Pharmacy.

[7] On January 12, 2017, Dr. Cruz filed a complaint in the trial court alleging twelve counts of wrongdoing on the part of Drs. Nasr and Morsey. On February 8, Dr. Cruz moved for a preliminary injunction to "maintain the *status quo*" and to prevent Dr. Nasr from relocating Kentuckiana Pharmacy out of

Crosses Enterprises' office space without Dr. Cruz's consent. Appellant's App. Vol. II at 31.

[8] The trial court held a hearing on the motion for a preliminary injunction on February 22. During the hearing, Karen Sherlock appeared as a witness on behalf of Dr. Cruz. Sherlock is Dr. Cruz's assistant and the custodian of his business records. Sherlock testified that Dr. Cruz is currently an owner of Kentuckiana Pharmacy and that she was not aware of any document that Dr. Cruz signed to relinquish his ownership interest in Kentuckiana Pharmacy.[1] She further testified that "Dr. Nasr has access to Dr. Cruz's signature on prescriptions and because he has prescriptive authority to [give] vaccinations, so he could have lifted it off of there." Tr. at 35. Sherlock also testified that she was not aware of any rent paid by Kentuckiana Pharmacy to Crosses Enterprises for the use of the office space.

[9] Dr. Nasr testified that Dr. Cruz's only involvement with Kentuckiana Pharmacy involved mutual customers and that Dr. Cruz had never requested to see Kentuckiana Pharmacy's books or records. Dr. Nasr further testified that he was present when Dr. Cruz signed the resolution removing Drs. Cruz and Morsey as members of Kentuckiana Pharmacy and that he witnessed Dr. Cruz sign the document. He also testified that he believed that the resolution made

---

[1] Dr. Cruz argues in his Appellees' brief that he was not aware of the resolution and that he did not sign it.

Drs. Cruz and Morsey "not members of the company" and also "not owners of the company." Tr. at 86.

[10] On March 2, the trial court entered a preliminary injunction against Kentuckiana Pharmacy. The trial court's order states:

> FINDINGS/ORDER
>
> Comes now the Court, having held a hearing on February 22, 2017, and finds as follows:
>
> 1. Wyoming Pharmacies, LLC is [a] Wyoming Corporation doing business in Indiana as Kentuckiana Pharmacy and Kentuckiana Pharmacies, and that this Court has jurisdiction over this matter as the primary location of operations is Clark County, Indiana;
>
> 2. That Plaintiff Dr. Rafael Cruz and Defendants Dr. Assad Nasr and Dr. Erin Morsey formed Wyoming Pharmacies, LLC [on] July 21, 2014 and the parties entered into an agreement as Wyoming Pharmacies, LLC to do business as Kentuckiana Pharmacy and Kentuckiana Pharmacies that provided the three partners an[] equal share in the profits of Kentuckiana Pharmacy;
>
> 3. That there exists a dispute over ownership of the corporation;
>
> 4. That the Defendant is enjoined from relocating the corporation pending resolution of this matter;
>
> 5. That the Plaintiff is required to post a security bond in the amount of $25,000 in accordance with Indiana Trial Procedure 65(c).

Appellant's App. Vol. II at 8. This appeal ensued.

## Discussion and Decision

[11]   Kentuckiana Pharmacy argues that the entry of the preliminary injunction was an abuse of discretion. Specifically, Kentuckiana Pharmacy contends that the trial court issued the preliminary injunction "without considering the adequacy of the physician's remedies at law, his likelihood of success at trial, the balance of harms[,] or the public interest." Appellant's Br. at 4.

[12]   "[T]he power to issue a preliminary injunction should be used sparingly, and such relief should not be granted except in rare instances in which the law and facts are clearly within the moving party's favor." *Union Twp. School Corp. v. State ex rel. Joyce*, 706 N.E.2d 183, 189 (Ind. Ct. App. 1998), *trans denied*. The grant or denial of a preliminary injunction rests within the sound discretion of the trial court, and our review is limited to whether there was a clear abuse of that discretion. *Apple Glen Crossing, LLC v. Trademark Retail, Inc.*, 784 N.E.2d 484, 487 (Ind. 2003). To obtain a preliminary injunction, the moving party has the burden of showing by a preponderance of the evidence that: (1) the movant's remedies at law are inadequate, which will cause him irreparable harm pending resolution of the substantive action; (2) the movant has at least a reasonable likelihood of success at trial by establishing a *prima facie* case; (3) the threatened injury to the movant outweighs the potential harm to the nonmoving party that would result from the grant of an injunction; and (4) the public interest would not be disserved by the injunction. *Id.* If the movant fails to

prove any of these requirements, the trial court's grant of an injunction is an abuse of discretion. *Id.*

[13] Kentuckiana Pharmacy argues that the trial court committed reversible error because it failed to issue findings of fact and conclusions thereon pursuant to Indiana Trial Rule 52. Trial Rule 52 provides that "[t]he court shall make special findings of fact without request . . . in granting or refusing preliminary injunctions . . . ." Further, Trial Rule 65(D) provides that "[e]very order granting temporary injunction and every restraining order shall include or be accompanied by findings as required by Rule 52[.]" "A trial court's failure to enter findings of fact and conclusions of law, as required by Ind. Trial Rule 52 and Ind. Trial Rule 65, in an order granting a preliminary injunction constitutes reversible error." *GKC Indiana Theatres, Inc. v. Elk Retail Investors, LLC,* 764 N.E.2d 647, 651 (Ind. Ct. App. 2002).

[14] In this case, the trial court's order granting the preliminary injunction contained only the following language:

> 1. Wyoming Pharmacies, LLC is [a] Wyoming Corporation doing business in Indiana as Kentuckiana Pharmacy and Kentuckiana Pharmacies, and that this Court has jurisdiction over this matter as the primary location of operations is Clark County, Indiana;
>
> 2. That Plaintiff Dr. Rafael Cruz and Defendants Dr. Assad Nasr and Dr. Erin Morsey formed Wyoming Pharmacies, LLC [on] July 21, 2014 and the parties entered into an agreement as Wyoming Pharmacies, LLC to do business as Kentuckiana Pharmacy and Kentuckiana Pharmacies that

provided the three partners an[] equal share in the profits of Kentuckiana Pharmacy;

3. That there exists a dispute over ownership of the corporation;

4. That the Defendant is enjoined from relocating the corporation pending resolution of this matter;

5. That the Plaintiff is required to post a security bond in the amount of $25,000 in accordance with Indiana Trial Procedure 65(c).

Appellant's App. Vol. II at 8.

[15] The trial court did not include any specific findings of fact as required by Trial Rule 52 and only provides as a conclusion that a dispute exists over the ownership of Kentuckiana Pharmacy. The trial court's failure to enter the required findings of fact and conclusions thereon in this case requires reversal.

[16] Although we may review a trial court's grant of a preliminary injunction notwithstanding its failure to enter the mandatory findings, we will do so "only when the facts are simple and uncontested, and only a question of law is presented for review." *Whiteco Indus., Inc. v. Nickolick*, 549 N.E.2d 396, 398 (Ind. Ct. App. 1990). We do not have such a case here. It is clear from the record that the facts are not uncontested. Specifically, the ownership of Kentuckiana Pharmacy continues to be contested and is an underlying subject of the case before the trial court.

[17] Because the ultimate outcome of this case will be determined primarily by factual determinations, the absence of factual findings by the trial court leaves us unable to determine if Crosses Enterprises has demonstrated a likelihood that it will prevail on the merits. See *Whiteco Idus.*, 549 N.E.2d at 399. We conclude that appellate review of the trial court's preliminary injunction is precluded by the lack of proper findings, and, thus, we reverse the trial court's order, dissolve the preliminary injunction, and remand for further proceedings not inconsistent with this opinion. *See id*.

[18] Reversed and remanded.

Kirsch, J., and Brown, J., concur.