## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Nov 13 2020, 9:56 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Kevin Wild
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Courtney Staton
Deputy Attorney General
Indianapolis, Indiana

Alexis Sizemore
Certified Legal Intern
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Kaennetra Scisney,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

November 13, 2020

Court of Appeals Case No.
20A-CR-378

Appeal from the Marion Superior Court

The Honorable Grant W. Hawkins, Judge

The Honorable Peggy Hart, Magistrate

Trial Court Cause No.
49G05-1806-F5-18613

**May, Judge.**

[1] Kennetra Scisney[1] appeals her conviction of Level 6 felony domestic battery against a person less than fourteen years of age.[2] She presents two issues for our consideration, which we restate as: (1) whether the State presented sufficient evidence that Scisney touched K.S. in a rude, insolent, or angry manner, and (2) whether the State presented sufficient evidence to disprove Scisney's affirmative defense of parental privilege. We affirm.

# Facts and Procedural History

[2] Scisney is K.S.'s mother. At the time of the incident, K.S. was twelve years old. Scisney had full custody of K.S., but K.S. often spent the night at her father's house. On June 5, 2018, K.S. arrived at a school gymnasium to attend her younger sister's kindergarten graduation with her father, uncle, aunt, and grandmother. K.S.'s grandmother told K.S. that Scisney was in the hallway and wanted to speak to K.S. When K.S. and her grandmother saw Scisney, Scisney appeared angry. Scisney testified at trial that she was upset because she had not given K.S. permission to attend the kindergarten graduation. Scisney took the balloons K.S. was holding away from her and instructed K.S. to give

---

[1] Throughout the Record, Scisney's name is spelled either "Kaennetra" or "Kennetra." Our coversheet uses "Kaennetra" to be consistent with the trial court records. (*See* Appealed Order at 1.) However, we have spelled her name "Kennetra" to match the spelling she provided at trial. (Tr. Vol. II at 74.)

[2] Ind. Code § 35-42-2-1.3(b)(5).

the present she was holding to her grandmother. K.S. complied, and Scisney pulled K.S. by her arm and told K.S. to come with her.

[3] K.S. attempted to "yank" her arm away from Scisney and K.S.'s grandmother yelled for the rest of the family to help. (Tr. Vol. II at 47.) K.S.'s grandmother attempted to pull K.S. away from Scisney. K.S. fell, and Scisney fell on top of her. K.S.'s father and other members of the family exited the gym and attempted to separate K.S. and Scisney. At some point during the altercation, Scisney pulled K.S.'s hair. A teacher entered the hallway and broke up the fight. K.S.'s grandmother took K.S. to the school's cafeteria and called the police. When they arrived, police observed a scratch on the side of K.S.'s face, hair pulled from her scalp, and redness on her arm.

[4] On June 11, 2018, the State charged Scisney with Level 5 felony battery resulting in bodily injury against a person less than fourteen years of age[3] and Level 5 felony domestic battery resulting in bodily injury to a person less than fourteen years of age.[4] The trial court held a bench trial on December 12, 2019, and convicted Scisney of the lesser-included offense of Level 6 felony domestic battery to a person less than fourteen years of age. On January 21, 2020, the trial court sentenced Scisney to 541 days suspended to probation.

---

[3] Ind. Code § 35-42-2-1.3(c)(5)(A).

[4] Ind. Code § 35-42-2-1(g)(5)(B).

# Discussion and Decision

[5] When reviewing the sufficiency of the evidence to support a conviction, we consider only the probative evidence and reasonable inferences supporting the fact-finder's decision. *Drane v. State*, 867 N.E.2d 144, 146 (Ind. 2007). It is the fact-finder's role, and not ours, to assess witness credibility and weigh the evidence to determine whether it is sufficient to support a conviction. *Id*. To preserve this structure, when we are confronted with conflicting evidence, we consider it most favorably to the fact-finder's verdict. *Id*. We affirm a conviction unless no reasonable fact-finder could find the elements of the crime proven beyond a reasonable doubt. *Id*. It is therefore not necessary that the evidence overcome every reasonable hypothesis of innocence; rather, the evidence is sufficient if an inference reasonably may be drawn from it to support the fact-finder's decision. *Id*. at 147.

## 1. Elements of the Offense

[6] To prove Scisney committed Level 6 felony domestic battery against a person under the age of fourteen, the State was required to provide sufficient evidence Scisney and K.S. were members of the same family or household, Scisney was at least eighteen years of age, K.S. was less than fourteen years of age, and Scisney "knowingly or intentionally" touched K.S. "in a rude, insolent or angry manner[.]" Ind. Code § 35-42-2-1.3(b). Scisney argues the State did not present evidence she touched K.S. in a rude, insolent, or angry manner because K.S. did not definitively testify that Scisney pulled K.S.'s hair during the altercation.

[7] "Evidence of touching, however slight, is sufficient to support a conviction for battery." *Adetokunbo v. State*, 29 N.E.3d 1277, 1280 (Ind. Ct. App. 2015). When asked if Scisney pulled her hair, K.S. responded, "No. She probably did when I was on the floor." (Tr. Vol. II at 49.) Later in her testimony, K.S. stated, "[Scisney] pulled my hair." (*Id*. at 50.) Scisney's argument that this discrepancy in K.S.'s testimony negates an element of the crime is an invitation for us to reweigh evidence and judge the credibility of witnesses, which we cannot do. *See Drane*, 867 N.E.2d at 146 (appellate court cannot reweigh evidence or judge the credibility of witnesses).

[8] Further, Scisney does not dispute that she grabbed and pulled K.S.'s arm or that a teacher had to pull Scisney off of K.S. while the two were on the floor. These actions alone are sufficient to prove Scisney committed Level 6 felony domestic battery against a person under the age of fourteen. *See Stephenson v. State*, 53 N.E.3d 557, 560 (Ind. Ct. App. 2016) (affirming battery conviction based on evidence that Stephenson grabbed, scratched, and pushed victim, causing her to fall on the coffee table).

## 2. Parental Privilege

[9] A person is generally "justified in engaging in conduct otherwise prohibited if he has legal authority to do so." Ind. Code § 35-41-3-1. This statute has been interpreted to provide legal authority for a parent to engage in reasonable discipline of her child, even if such conduct would otherwise be battery. *State v. Fettig*, 884 N.E.2d 341, 345 (Ind. Ct. App. 2008), *reh'g denied*. As a standard for

determining applicability of the parental privilege, our Indiana Supreme Court adopted the following language from the Restatement of the Law (Second) Torts § 147(1) (1965): "A parent is privileged to apply such reasonable force or to impose such reasonable confinement upon his [or her] child as he [or she] reasonably believes to be necessary for its proper control, training, or education." *Willis v. State*, 888 N.E.2d 177, 182 (Ind. 2008). Thus, Scisney could assert the parental privilege if: (1) her use of force in disciplining K.S. was reasonable, or (2) her belief that such force was necessary to control K.S. and prevent misconduct was reasonable. *See Barocas v. State*, 949 N.E.2d 1256, 1259 (Ind. Ct. App. 2011) (setting forth requirements for claim of parental privilege).

[10] The defense of parental privilege, like self-defense, is a complete defense. *Willis*, 888 N.E.2d at 182. In other words, a valid claim of parental privilege is a legal justification for an otherwise criminal act. *Id*. To negate a claim of parental privilege, the State must disprove beyond a reasonable doubt at least one element of the defense, either by direct rebuttal or by relying on the sufficiency of the evidence in its case-in-chief. *Id*. Scisney argues the State did not disprove that her actions were protected under the affirmative defense of parental privilege.

[11] However, Scisney did not present parental privilege as an affirmative defense in the trial court, and an affirmative defense cannot be raised for the first time on appeal. *Lafary v. Lafary*, 476 N.E.2d 155, 159 (Ind. Ct. App. 1985). We cannot review the record to determine whether the State failed to disprove a defense that the State was not on notice that it needed to disprove. The State would

have had the opportunity to present evidence and argument before the trial court, and the trial court would have had the opportunity to make the initial finding as to Scisney's defense. Our role as an appellate court is distinct from the role assigned to the trial court, *see Whiteco Industries, Inc. v. Nickolick*, 549 N.E.2d 396, 398 (Ind. Ct. App. 1990) ("[T]rial courts of this state exclusively hear and weigh the evidence and inferences arising therefrom, and assess the credibility of witnesses, to determine the facts prior to entering judgment or taking other action. Courts of appeal have no such authority."), and we cannot stand in the trial court's shoes in the way Scisney asks. Accordingly, her argument fails.

# Conclusion

[12] The State presented sufficient evidence that Scisney committed Level 6 felony domestic battery against a person under the age of fourteen, and we are unable to consider her arguments regarding parental privilege because an affirmative defense cannot be raised for the first time on appeal. Accordingly, we affirm.

[13] Affirmed.

Riley, J., and Altice, J., concur.